In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-3216

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY HOWARD,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 CR 8—**John C. Shabaz**, *Judge.*

ARGUED APRIL 14, 2006—DECIDED JULY 21, 2006

Before BAUER, ROVNER, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Anthony Howard pleaded guilty to conspiracy to possess heroin and cocaine base with the intent to distribute. The district court sentenced him to 227 months' imprisonment. He appeals the sentence, and we affirm.

## I. Background

Howard sold heroin and cocaine base in Madison, Wisconsin. After several controlled purchases, he was arrested, tried, and convicted on state charges. On January 24, 2005, a federal grand jury charged him with conspiracy to possess heroin and cocaine base with the intent to distribute.

Howard pleaded guilty. By agreement, the government recommended the maximum reduction for his acceptance of responsibility, an adjustment to reflect the time served on his state sentence, and imposition of a sentence concurrent with the remainder of the state sentence. The Presentence Report (PSR) recommended adjustments for his role in the offense and acceptance of responsibility that resulted in a base offense level of 31, which, together with a criminal history category of VI, yielded a Guidelines range of 188 to 235 months.

The PSR also identified Edwin Tallard as an active heroin user who purchased heroin two to three times per day. Howard and his cohort Shane Bradley sold heroin to Tallard, who died of a heroin overdose on October 11, 1999. Although the PSR concluded that it was unknown whether Howard supplied the heroin that killed Tallard, the district court noted that Bradley was "fairly certain Tallard purchased the heroin either directly from Howard or from Howard by way of Bradley." A witness testified that Tallard obtained heroin directly from Howard, and that it was more concentrated than Bradley's supply; it had caused at least one person to overdose. Howard boasted that it had "dropped" another person, causing loss of consciousness, and cautioned a buyer "to be careful because some people had died" from it.

At the July 13, 2005, sentencing hearing, the court selected 293 months as an appropriate sentence, but reduced it to reflect the 66 months that Howard already served on his state sentence for the same conduct. The district court then sentenced him to 227 months. At a separate hearing, the court sentenced Bradley to 223 months. Howard appealed his sentence.

## II.  Discussion

Howard now claims that the district court erred in finding that he was responsible for Tallard's death, and imposed an unreasonable sentence.

## A.  Finding of Fact Regarding Tallard's Death

Howard claims that the district court's finding that he was responsible for Tallard's death was not supported by a preponderance of the evidence. Although the Guidelines are no longer mandatory, a district court may still make findings of fact that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt without raising Sixth Amendment concerns. *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005)**.** The district court made an explicit finding on this contested issue, as required by *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). We review the district court's findings of fact for clear error. *United States v. Arnaout*, 431 F.3d 994, 998 (7th Cir. 2005). To establish clear error, "an appellant must convince [this Court] to a certainty that the district court's factual findings were incorrect; merely suggesting the possibility of error is not enough." *United States v. Ramuno*, 133 F.3d 476, 480-81 (7th Cir. 1998). The court's finding will be upheld unless we "have a definite and firm conviction that a mistake has been made." *United States v. Fudge*, 325 F.3d 910, 920 (7th Cir. 2003).

The present facts do not warrant reversal. During Tallard's period of heroin use, from August to October 1999, he purchased from both Howard and Bradley. Bradley was "fairly certain" that Tallard purchased the heroin in question directly from Howard or from Howard through Bradley. The district court stated that this "positive" and "powerful" testimony outweighed his suggestion that Tallard could have purchased additional heroin from "two

other individuals" that he did not identify. During this period Howard was Bradley's exclusive source of heroin; heroin that was heavily concentrated, was described as "the bomb," was strong enough to cause loss of consciousness, and had caused at least one other overdose. Howard himself warned one buyer to be careful because he knew the heroin had caused others to overdose.

Howard did not object to these facts in the PSR, although he denied knowing Tallard at the sentencing hearing. Where the district court chooses one of two permissible views of the evidence, the choice is not clearly erroneous. *See United States v. Granado*, 72 F.3d 1287, 1290 (7th Cir. 1995). The district court did not err in finding that Tallard's death resulted from Howard's offenses.

## B. Reasonableness

Howard also claims that his sentence was unreasonable. After *Booker*, the district court must first calculate the proper Guidelines range and then, by reference to the factors specified in 18 U.S.C. § 3553(a), select an appropriate sentence. *See Dean*, 414 F.3d at 729. Although a sentence outside the range does not enjoy the presumption of reasonableness that one within the range does, it does not warrant a presumption of unreasonableness. *United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006). It does, however, necessitate a more thorough explanation based on the § 3553(a) factors; the further a sentence strays from the range, the more compelling the district court's explanation must be. *United States v. Johnson*, 427 F.3d 423, 426-27 (7th Cir. 2005). Howard's argument in terms of "departures" is misplaced because the concept "has been rendered obsolete in the post-*Booker* world." *Arnaout*, 431 F.3d at 1003. Our only consideration is whether the district court's sentence—58 months longer than the high end of the Guidelines range—was appropriately justified under the

§ 3553(a) factors. The court gave two independent justifications. It looked first to a provision that contemplates loss of life resulting from drug offenses. *See* 18 U.S.C. § 3553(a)(4). When a death occurs, the Guidelines authorize courts to "increase the sentence above the authorized guideline range" up to the statutory maximum for the offense of conviction. U.S.S.G. § 5K2.1. The court should determine the amount of an increase after consideration of several listed factors. *See id.* One relevant consideration is "the extent to which death or serious injury was intended or knowingly risked." *Id.* Howard's knowledge of the risk is apparent from his warnings to customers, discussed above, regarding the heroin's potency and its role in earlier deaths. Another factor to address is the extent to which the applicable offense level "already reflects the risk of personal injury." *Id.* The district court specifically indicated that the highest guideline sentence "is not sufficient in this case." As discussed above, the court's finding regarding Howard's contribution to Tallard's death was not clearly erroneous. A relatively modest increase based in part on that finding was also reasonable.

Second, the district court stated that the Guidelines range was insufficient "regardless of the death which here occurred because of the fact that there was the predator who was selling his wares with the attempt of overdosing as many people as would come in his vicinity." This statement identifies a wholly independent justification for the increase—namely, protecting the public. In articulating the need for the sentence, the court employed several 18 U.S.C. § 3553(a) factors. It characterized Howard's involvement in drug activity for most of his adult life and convictions for numerous offenses, including crimes of violence, as "heinous and reprehensible" and deserving a grade of "about a Z." *See* 18 U.S.C. § 3553(a)(1). Further, the court found that the evidence of overdosing caused by his heroin supply, outlined above, contributed to the seriousness of the

offense. *See* 18 U.S.C. § 3553(a)(2)(A). The court emphasized the goal of deterrence, concluding that his previous terms of imprisonment had been ineffective in that respect, as indicated by his continued direction of drug sales from prison. *See* 18 U.S.C. § 3553(a)(2)(B). As a result, the district court felt compelled to protect the public from Howard's likely future crimes. *See* 18 U.S.C. § 3553(a)(2)(C).

The district court found that together these concerns constituted aggravating circumstances that the Guidelines did not adequately address. After contemplating Howard's troubled childhood and mitigating factors, the court decided that his significant criminal history and the harm inflicted outweighed those concerns. Nonetheless, the court considered the alternative sentences available, including assigning an offense level of 43, *see* U.S.S.G. § 2D1.1(a)(1), a three-level increase for endangering human life, *see* U.S.S.G. § 2D1.10(b)(1)(B), or simply imposing life imprisonment, the statutory maximum, *see* U.S.S.G. § 5K2.1. After reviewing the options and opining that Howard deserved life imprisonment, the court selected 293 months as "appropriate in light of the heinous and reprehensible conduct in which this defendant has continued his entire lifetime." In so doing, the court acted in accordance with its charge to evaluate the sentences available, *see* 18 U.S.C. § 3553(a)(3), and to impose the one necessary to provide just punishment, *see* 18 U.S.C. § 3553(a)(2)(A).

The court justified its choice of the appropriate sentence with compelling reasons in light of the § 3553(a) factors. The reasonableness standard of review is necessarily deferential because the district court is uniquely positioned to discern the appropriate sentence. *See United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). Although the court imposed a sentence longer than the applicable Guidelines range, its justification "is commensurate to the difference between the sentence imposed and the advisory range." *Johnson*, 427 F.3d at 429.

Lastly, Howard claims that the fact that co-defendant Bradley received a 223 months' sentence for the same conduct demonstrates the error in Howard's sentence. As we have previously held, however, "the kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). Even so, the difference in sentences conformed to the defendants' respective criminal histories and reflected the court's finding that Howard rather than Bradley was responsible for Tallard's death.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
