# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-1643

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

ROBERT J. WACHOWIAK, JR.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 CR 22—**Lynn Adelman**, *Judge.*

---

ARGUED NOVEMBER 1, 2006—DECIDED AUGUST 1, 2007

---

Before KANNE, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Judge Adelman sentenced 24-year-old Robert Wachowiak to 70 months' imprisonment for downloading and electronically "sharing" child pornography on his home computer. Wachowiak's sentence is considerably less than his advisory guidelines range of 121 to 151 months, and the government submits it is unreasonably low in light of the sentencing factors in 18 U.S.C. § 3553(a). In addition to discounting the seriousness of Wachowiak's offense, the government argues, the judge deviated from the sentencing guidelines on the basis of mitigating factors routinely present in child pornography possession cases or already reflected in Wachowiak's guidelines range. A 70-month sentence, the

government maintains, lies beyond the outer limit of the district court's post-*Booker* sentencing discretion.

We affirm. Although lenient, this below-guidelines sentence survives review for reasonableness, a deferential standard that has both procedural and substantive aspects. *See Rita v. United States*, 127 S. Ct. 2456, 2465, 2468-70 (2007); *United States v. Wallace*, 458 F.3d 606, 609-10 (7th Cir. 2006). The government concedes that Judge Adelman explicitly considered the litany of factors specified in § 3553(a), including the nature and severity of the crime, Wachowiak's history and characteristics, the advisory guidelines range, and the purposes of sentencing enumerated in § 3553(a)(2). The challenge mounted here is substantive, not procedural. We conclude that Judge Adelman's reasons for selecting a 70-month sentence—Wachowiak's "excellent" character, genuine remorse, susceptibility to treatment, low risk of recidivism, strong family support, and certain mitigating aspects of his offense—are rooted in § 3553(a), sufficiently individu-alized to the circumstances of this case, and generally associated with sentencing leniency. Given the seriousness of this crime, we might not have weighed these factors so heavily, but we cannot say Wachowiak's sentence is unreasonable.

## I. Background

Wachowiak first came to the government's attention in 2004 when an undercover agent in Florida logged on to a popular file-sharing network and found numerous images of child pornography being "shared" from an IP address in Milwaukee. The government traced the IP address to Wachowiak's home computer, obtained a search warrant for his home, and seized his computer and external hard drive. Forensic examination of the computer and hard drive revealed hundreds of images of child pornography,

nine depicting children in bondage and nineteen depicting children under the age of ten. Wachowiak was interviewed and admitted to using the network to receive and share child pornography files.

Wachowiak pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), which carries a 5-year minimum and 20-year maximum sentence. His uncontested presentence report calculated an advisory guidelines sentencing range of 121 to 151 months. His offense level of 32 reflected 13 points worth of enhancements for using a computer, possessing images of prepubescent children, possessing images portraying sadism or masochism, and possessing more than 600 images. Wachowiak also received a three-point reduction for acceptance of responsibility. This was his first offense, so his criminal history was Category I.

At sentencing Wachowiak argued for the statutory minimum, 60 months, while the government asked for a guidelines sentence. Judge Adelman settled on 70 months, concluding the guidelines range of 121 to 151 months was greater than necessary to achieve the sentencing purposes of § 3553(a). In his oral sentencing remarks and later in a written opinion, the judge explained that he had rejected Wachowiak's proposed 60-month sentence as too low given the number and nature of the images, some of which depicted very young children, sadistic conduct, and known victims of sexual exploitation. *United States v. Wachowiak*, 412 F. Supp. 2d 958, 960 (E.D. Wis. 2006). The judge nevertheless found that several factors mitigated the severity of Wachowiak's offense, specifically: (1) Wachowiak never enticed or had improper contact with any child; (2) he was extremely cooperative with the government and gave a prompt and detailed confession; and (3) he never produced or purposely distributed any images (although he did "share" them through the file-sharing program). *Id.*

The judge went on to describe Wachowiak's character as "excellent," noting that (1) Wachowiak had neither a criminal record nor a history of drug use; (2) he was an honor roll student in high school; (3) he was a talented pianist employed as a liturgical musician and was pursuing a bachelor's degree in music education; (3) after resigning his liturgical music position following his arrest, he obtained a job as a bakery clerk at a local grocery; and (4) all of his employers "thought highly of him." *Id.* Judge Adelman also relied heavily on the opinions of two sex offender specialists who examined Wachowiak and assessed his recidivism risk as low. Roger Northway, M.S., a sex offender therapist, began treating Wachowiak shortly after his arrest; he submitted a report to the court based on his observations of Wachowiak during treatment and certain risk assessment tests he administered. Dr. Patricia Coffey, a licensed psychologist with expertise in sex predator evaluations for the State of Wisconsin, also examined Wachowiak. Both experts reported that Wachowiak posed a low risk for direct sexual contact with children and was a good candidate for treatment because he understood his impulses were wrong and wanted to control them. *Id.* at 961.

The judge also took note of the quality of Wachowiak's allocution, characterizing it as genuinely remorseful, reflecting "insight into his behavior" and "progress in treatment." *Id.* Wachowiak, the judge said, "was making every effort to combat his addiction to pornography and remain crime-free." *Id.* at 962. Finally, Judge Adelman cited Wachowiak's supportive family and friends who would assist in his rehabilitation.

Judge Adelman then explained why he thought a 70-month sentence better fulfilled the statutory sentencing purposes of § 3553(a) than a guidelines sentence. The latter, he concluded, would be greater than necessary to promote respect for the law and provide just punishment,

§ 3553(a)(2)(A), given Wachowiak's lack of criminal history and what the judge viewed as the mitigated seriousness of his offense. *Id.* The judge also concluded that 70 months would provide "adequate deterrence" under § 3553(a)(2)(B) because it was longer than sentences imposed on defendants for similar crimes in federal and state court.[1] The judge said a sentence "exceeding five years would deter others considering receiving this type of material." *Id.* A guidelines sentence of more than ten years was "greater than necessary to protect the public" under § 3553(a)(2)(C), the judge reasoned, because the experts concluded Wachowiak posed little risk of recidivism or "crossing the line" into actual improper contact with children. Lastly, the judge said a guidelines sentence would unduly delay Wachowiak's access to treatment. *See* § 3553(a)(2)(D).

Finally, Judge Adelman explained several aspects of Wachowiak's case that he believed were appropriate considerations under § 3553(a) but were not adequately factored into the guidelines calculation. First, he said the guidelines failed to fully account for Wachowiak's "sincere expression of remorse" and "otherwise outstanding character" by narrowly channeling these considerations into Wachowiak's "acceptance of responsibility" reduction under U.S.S.G. § 3E1.1 and criminal history Category I, respectively. *Wachowiak*, 412 F. Supp. 2d at 963. Second, the judge said "the guidelines failed to account for the significant collateral consequences [Wachowiak] suffered as a result of his conviction,"

---

[1] Later in his opinion, the judge discussed but ultimately declined to consider Wachowiak's argument that a below-guidelines sentence was necessary under 18 U.S.C. § 3553(a)(6) to account for unwarranted sentence disparities among federal and state defendants convicted of similar crimes. *United States v. Wachowiak*, 412 F. Supp. 2d 958, 965 (E.D. Wis. 2006).

namely, the stigma of being a sex offender and his inability to pursue a career in his chosen profession of music education. *Id.* at 963-64. Third, the judge believed the guidelines failed to consider the positive role of Wachowiak's family members, who promised to aid in his rehabilitation and reintegration into the community and support his efforts to avoid reoffending. *Id.* at 964. Finally, the judge noted that the probation office had recommended that Wachowiak receive a sentence significantly below the guidelines range, which he characterized as "unusual." *Id.* at 964 n.6.

In addition to the 70-month term of imprisonment, the judge imposed a three-year term of supervised release with various nonstandard supervision terms. Wachowiak is forbidden from associating with any minors without prior approval from his probation officer. He must submit all his financial records, computer passwords and pseudonyms, and permit periodic inspections of his computer. He may not access the Internet from any location without first notifying his probation officer.

The government appealed, challenging the 70-month sentence as unreasonably low.

## II. Discussion

Under the advisory guidelines regime ushered in by *United States v. Booker*, we review Wachowiak's 70-month sentence for reasonableness. 543 U.S. 220, 261 (2005); *Rita*, 127 S. Ct. at 2459. This abuse-of-discretion standard has both procedural and substantive aspects. *Rita,* 127 S. Ct. at 2465, 2468-70; *Wallace,* 458 F.3d at 609; *United States v. Repking*, 467 F.3d 1091, 1096 (7th Cir. 2006) (per curiam). "The Supreme Court's decision in *Booker* requires the sentencing judge first to compute the guidelines sentence just as he would have done before *Booker,*

and then—because *Booker* demoted the guidelines from mandatory to advisory status—to decide whether the guidelines sentence is the correct sentence to give the particular defendant." *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).

*Booker* sentencing discretion is exercised in accordance with the sentencing factors specified in 18 U.S.C. § 3553(a).[2] That section, "unlike the guidelines themselves after *Booker,* is mandatory. The sentencing judge cannot, after considering the factors listed in that statute, import his own philosophy of sentencing if it is inconsistent with them." *Id.* at 729 (citations omitted). But the § 3553(a) factors are broad, vague, and open-ended, *id.,* and review for reasonableness is deferential, *United States v. Walker*, 447 F.3d 999, 1008 (7th Cir. 2006), so the

---

[2]  18 U.S.C. § 3553(a) provides, in relevant part:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

sentencing judge has considerable discretion to individual-ize the sentence to the offense and offender as long as the judge's reasoning is consistent with § 3553(a). "[T]he sentencing statutes envision both the sentencing judge and the [Sentencing] Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Rita*, 127 S. Ct. at 2463.

We have previously described *Booker* reasonableness review in this way:

> Two things are critical now: first, whether the district court's choice of sentence is adequately reasoned in light of the § 3553(a) factors . . . ; and second, whether the sentence can ultimately be deemed a reasonable one. . . . At each point, the focus is on what the district court did, not on what it might have done. Thus, the procedural inquiry focuses on the actual reasons given, not on whether the sentence could have been supported by a different rationale; the substantive inquiry looks at the sentence imposed, not at all the other hypothetical sentences that might have been chosen.

*Wallace*, 458 F.3d at 609 (citations omitted). Accordingly, a sentence is reasonable if the sentencing judge has given meaningful consideration to the sentencing factors enu-merated in § 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individ-ual circumstances of the case. *Id.* at 609-12; *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005); *Dean*, 414 F.3d at 729.

This obligation generally is easily discharged when the judge chooses a sentence within a properly calculated guidelines range, which on appeal is entitled to a presump-tion of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (adopting a rebuttable presump-

tion of reasonableness for within-guidelines sentences); *see also United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006) (explaining the sentencing judge need only give a concise statement of reasons when imposing a within-guidelines sentence). We now know that the rebuttable presumption of reasonableness we adopted in *Mykytiuk* comports with the Sixth Amendment and the Supreme Court's substantive and remedial opinions in *Booker. Rita*, 127 S. Ct. at 2465-67.

The Court emphasized in *Rita*, however, that the presumption it was approving "is an *appellate* court presumption." *Id.* at 2465 (emphasis in original); *see also United States v. Griffin*, Nos. 05-4177 & 05-4178, 2007 WL 2027411, at *10 (7th Cir. July 16, 2007). The Court held that because reasonableness review under *Booker* "merely asks whether the trial court abused its discretion," the presumption of reasonableness for within-guidelines sentences "applies only on appellate review." *Rita*, 127 S. Ct. at 2465. In the district court, the sentencing decision is subjected to "the thorough adversarial testing contemplated by federal sentencing procedure . . . [and] does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* (citations omitted). Accordingly, while an appellate court may apply a nonbinding presumption of reasonableness to a guidelines sentence, the district court's *Booker* sentencing discretion presupposes no thumb on the scale in favor of a guidelines sentence.

*Rita* thus validated our observation in *United States v. Demaree* that the sentencing judge "is not required—or indeed permitted—to 'presume' that a sentence within the guidelines range is the correct sentence[3]." 459 F.3d 791,

---

[3] To the extent some of our cases have suggested that the appellate presumption of reasonableness for within-guidelines

(continued...)

794-95 (7th Cir. 2006) (citation omitted); *see also Cunningham*, 429 F.3d at 676 (The sentencing court "cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se."). Although "[t]he applicable guideline nudges [the sentencing judge] toward the sentencing range, . . . his freedom to impose a reasonable sentence outside the range is unfettered." *Demaree,* 459 F.3d at 795. That a within-guidelines sentence is presumed reasonable on appeal does not mean that a sentence outside the range is presumptively *unreasonable. United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006); *United States v. Howard*, 454 F.3d 700, 703 (7th Cir. 2006). *Rita* also held that "appellate courts may not presume that every variance from the advisory Guidelines is unreasonable." 127 S. Ct. at 2467.

Although as a matter of procedural reasonableness the sentencing court is not required to issue a detailed oral or written opinion in every case, "a statement of reasons [for the choice of sentence] is important." *Id.* at 2468. Whether imposing a sentence within or outside the advisory guidelines range, the sentencing judge should at least "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

We have held that sentences outside the applicable guidelines range—whether above or below it—may be upheld as reasonable as long as the district court's § 3553(a) explanation is sufficiently compelling to justify

---

[3] (...continued)
sentences also applies as a "benchmark" or "presumption" in the district court, *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006); *United States v. Wurzinger*, 467 F.3d 649, 650-51 (7th Cir. 2006), that suggestion has been displaced by *Rita.*

the variance. *Dean*, 414 F.3d at 729. At a minimum, this explanation should articulate the statutory factors the judge believes warrant a sentence above or below the guidelines range. *Id.* The more extreme the variance, however, "the more compelling the justification based on factors in § 3553(a) that the judge must offer in order to enable [us] to assess the reasonableness of the sentence imposed." *Id.* If the justification is consistent with § 3553(a) and reasonably corresponds to factors unique to the defendant (i.e., not normal incidents of the offense or the judge's wholesale disagreement with the guidelines), and the sentence chosen is within the broad range of objectively reasonable sentences in the circumstances, the sentence will be affirmed. *See Wallace*, 458 F.3d at 611; *Repking*, 467 F.3d at 1096; *Dean*, 414 F.3d at 729.

As we have noted, the government does not argue that the sentence imposed here fails procedural review for reasonableness. Nor could it. Judge Adelman's oral sentencing remarks and follow-up written opinion thoroughly and meaningfully analyzed the § 3553 factors, including the sentencing guidelines. He carefully and at length explained his choice of a 70-month sentence over a guidelines sentence. There is no suggestion the judge considered impermissible factors or that his factfinding was clearly erroneous in any respect. The government argues the judge's statement of reasons was flawed, not insubstantial. As such, we understand the government to be challenging this sentence as substantively unreasonable—simply too great a deviation from the bottom of the applicable guidelines range given the seriousness of the offense and what it views as a lack of unique justification.

While the contours of substantive reasonableness review are still emerging, we have previously analogized it to the "unreasonableness" standard in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.

§ 2254(d), which permits federal courts to grant habeas relief for state prisoners only when the state-court decision under review was "contrary to, or involved an unreasonable application of" clearly established federal law, § 2254(d)(1), or "was based on an unreasonable determination of the facts," § 2254(d)(2). *Wallace*, 458 F.3d at 610. In the AEDPA context, we have held that an "unreasonable" application of federal law is one that lies "well outside the boundaries of permissible differences of opinion." *Id.* (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)). Conversely, an application of federal law will be upheld as reasonable under the AEDPA "if it was 'one of several equally plausible outcomes.'" *Id.* (quoting *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997)).

We also noted in *Wallace* and other cases that substantive reasonableness review distinguishes between common and particularized factors. *Id.* at 611; *Jordan*, 435 F.3d at 696-97; *Dean*, 414 F.3d at 729 (sentencing judge should supply "an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant"). A nonguidelines sentence premised on factors that are common to offenders with like crimes may reflect a simple disagreement with the guidelines; "*Booker* did not authorize courts to find that the guidelines themselves (or the statutes on which they are based) are unreasonable." *Wallace*, 458 F.3d at 611 (citing *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006) and *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005)). On the other hand, a variance from the guidelines that is sufficiently particularized to the individual circumstances of the case and not disproportionate to the strength of the reasons for varying likely will survive reasonableness review. *See Jordan*, 435 F.3d at 696-97 (affirming a sentence well above the guidelines range for traveling in interstate commerce to engage in a sex act with a minor

where the district court identified numerous highly aggravating circumstances particular to defendant's case); *United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006) (affirming a below-guidelines sentence for distribution of child pornography where the district court provided an "extended discussion" of mitigating factors specific to the defendant's case).

The concept of substantive reasonableness contemplates "a range, not a point." *Cunningham*, 429 F.3d at 679. That said, we have declined invitations to fix the outer limits of the "reasonableness range" by reference to a ratio or percentage by which the sentence deviates from the guidelines range. *Repking*, 467 F.3d at 1095; *Wallace*, 458 F.3d at 613. We will not substitute our judgment for that of the sentencing court. *United States v. Ngatia*, 477 F.3d 496, 501-02 (7th Cir. 2007) ("[T]he district court's choice of sentence, whether inside or outside the guideline[s] range, is discretionary and subject therefore to only light appellate review." (citing *Demaree*, 459 F.3d at 795)); *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005) ("The question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) . . . . We are not sentencing judges." (citation omitted)). As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel. *Koon v. United States*, 518 U.S. 81, 98 (1996); *Walker*, 447 F.3d at 1008; *Williams*, 425 F.3d at 480.

The following examples of below-guidelines sentences vacated as unreasonable by panels of this court may help illustrate the limits of *Booker* sentencing discretion in this circuit:

> 1) In *United States v. Goldberg*, No. 07-1393, 2007 WL 1827645 (7th Cir. June 27, 2007), we vacated as unreasonable a sentence of one day in prison and ten

years' supervised release in a child pornography possession case where the guidelines range was 63 to 78 months and the district court's reasons were at best idiosyncratic and at worst deeply flawed. "A prison sentence of one day for a crime Congress and the American public consider grave, in circumstances that enhance the gravity (we refer to the character of some of the images) [depicting prepubescent girls being vaginally raped by adult males], committed by a convicted drug offender, does not give due weight to the 'nature and circumstances of the offense' and the 'history and characteristics of the defendant.'" *Goldberg*, 2007 WL 1827645, at *3. In *Goldberg,* the district court's reasoning reflected serious misjudgments about the gravity of the offense and the defendant's character and motivations, and the one-day sentence was too severely disproportionate to the guidelines range in the circumstances to withstand reasonableness review.

2) In *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), we vacated as unreasonable a sentence of one month for an armed bank robbery and 84 months consecutive on the companion gun charge. The applicable guidelines range for the armed robbery was 46 to 57 months, and the 84-month consecutive sentence for the gun offense was the mandatory minimum. The district judge's sentencing remarks reflected that she was improperly influenced by her disagreement with the statutory mandatory consecutive minimum term on the gun offense and the prosecutor's decision to charge it. *Id.* at 434-35. Further, the mitigating factors cited by the district court—the defendant's youth (he was 19 years old), good performance in *elementary* school, and supportive family—were either too "meager" or "two-edged" to support such a *de minimis* sentence for an armed robbery. *Id.*

3) In *Repking*, 467 F.3d at 1091, we vacated as unreasonable a sentence of one day in prison and three years' supervised release for a wealthy bank executive who misappropriated nearly $1 million in bank funds by making false banking entries. The defendant was also convicted of filing a false tax return, and his applicable guidelines range for these offenses was 41 to 51 months. Although we found the district court's sentencing remarks to be procedurally adequate, we concluded that the judge drastically overvalued the mitigating factors (the defendant's charitable works and payment of restitution) and undervalued the seriousness of the crime.

4) In *Wallace*, 458 F.3d at 606, we vacated as unreasonable a sentence of three years' probation for a wire fraud involving $400,000 of intended loss where the applicable guidelines range was 24 to 30 months in prison. We said the mitigating factors identified by the district court were permissible (the defendant's "extraordinary remorse" and cooperation and otherwise law-abiding life) but did not justify such remarkable leniency. *Id.* at 613. "In the end, it is the fact that the court chose to eliminate any meaningful incarceration for a crime that involved $400,000 of intended loss that makes this such an extraordinary choice." *Id.* at 614.

On the other hand, in *Baker*, this court affirmed a below-guidelines sentence of 87 months for distribution of child pornography where the applicable guidelines range was 108 to 135 months. 445 F.3d at 987. We noted that "the district court paid close attention to Mr. Baker's lack of a criminal history, his relatively young age, his religious background and his history of employment and higher education." All of these factors, we held, were permissible and adequately linked to § 3553(a) for the district court to rely on them in arriving at a below-guidelines sen-

tence. *Id.* at 992. In affirming the 87-month sentence, the *Baker* panel observed that the district court's deviation from the guidelines range was "sufficiently proportional" to the strength of its reasons for deviating. *Id.* at 993. That is, the variance from the guidelines range was not so disproportionate to the factors justifying it as to make it unreasonable. And in *Ngatia*, 477 F.3d at 501-02, we affirmed a below-guidelines sentence of 84 months for heroin importation. Although the sentence in *Ngatia* was substantially lower than the guidelines range of 188 to 235 months, we affirmed the district court's exercise of *Booker* discretion, which rested primarily on the defendant's good character, sincere remorse, educational achievements, and rehabilitative efforts.

In *Goldberg*, *Roberson*, *Repking*, and *Wallace*, the below-guidelines sentences were fairly obviously unreasonable, imposing little or no imprisonment for quite serious crimes, on very weak or (as in *Goldberg* and *Roberson*) seriously misguided or even impermissible reasoning. We see this case as closer to *Baker*, and to a lesser extent *Ngatia*. Here, as required by § 3553(a)(1), Judge Adelman evaluated the nature and circumstances of Wachowiak's offense, acknowledging the severity of the offense of receiving child pornography and noting that consumers of child pornography like Wachowiak share responsibility with its producers for the harm inflicted on its young victims. He also duly noted the quantity and nature of some of Wachowiak's images as aggravating circumstances. On balance, however, the judge believed the mitigating circumstances of the offense outweighed the aggravating. Wachowiak neither produced nor purposely distributed any of the images and never enticed or had any improper contact with a child. He cooperated with the government, gave a detailed confession, expressed sincere remorse, sought treatment, and pleaded guilty in a timely fashion.

The government argues the judge gave too much weight to these factors in mitigation and notes that Wachowiak's cooperation, remorse, and guilty plea are already accounted for in the guidelines calculation. It is true that a defendant's cooperation, remorse, and prompt guilty plea are factored into the acceptance-of-responsibility adjustment, but we said in *Wallace* that "[i]f *Booker* means anything at all, it must mean that the court was permitted to give further weight to a factor covered by a specific guidelines adjustment, especially where (as is true here) that factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." 458 F.3d at 613 (quotations omitted). Judge Adelman thought Wachowiak's "greater expression of remorse" and "insight into his condition and the harm he was causing children" deserved more weight, a permissible discretionary judgment post-*Booker*.

Judge Adelman's reliance on the fact that the defendant did not commit a *more serious* crime strikes us as questionable, however. In the first place, the judge's duty is to address the crime the defendant *did* commit. As importantly, the Sentencing Commission sets and adjusts the guidelines ranges with the specific objective of achieving proportionality in sentencing for crimes of differing severity. *Rita*, 127 S. Ct. at 2464. The Commission is "a respected public body with access to the best knowledge and practices of penology," *Goldberg*, 2007 WL 1827645, at *5; its judgments should not lightly be disregarded. The expert witnesses who evaluated Wachowiak's recidivism risk assigned some relevance to the fact that Wachowiak had not escalated to "hands-on" sex offending; we think this factor was more appropriately considered as an offender characteristic than an offense characteristic.

Judge Adelman also considered at length Wachowiak's history and characteristics as required by § 3553(a)(1). He heard (through testimony and letters) from one of

Wachowiak's college professors, two of his aunts, his mother, his grandmother, and his girlfriend, all of whom spoke highly of his character and pledged their continued support for him. The judge also considered the opinions of the two experts (a sex offender counselor and a licensed psychologist) who reported that Wachowiak posed little risk of reoffending, was motivated to change, and was a good candidate for treatment.[4] The judge noted Wachowiak's academic accomplishments and musical talent, as well as the positive references provided by his past employers. Together with Wachowiak's lack of criminal history and genuine remorse, these factors convinced the judge of Wachowiak's "excellent" character, amenability to treatment, and low recidivism risk.

Again, while Wachowiak's guidelines range accounted for some of these mitigating personal characteristics, the judge believed the guidelines painted only a partial picture of Wachowiak's character and the need for punishment and deterrence (both specific and general) in this case. Judge Adelman said his assessment of Wachowiak's "history and characteristics" under § 3553(a)(1) encompassed more than tallying prior convictions to yield a criminal history score. In addition to Wachowiak's law-abiding past and sincere remorse, the judge found that he was "a kind, caring individual, who enjoyed the broad support of family, friends, colleagues, and teachers" and

---

[4] The government argues that the expert evidence about Wachowiak's risk to reoffend was "inconclusive at best" because Wachowiak had tried before to overcome his child pornography consumption but failed, and because the risk instruments administered by Wachowiak's therapist, Mr. Northway, were not specifically designed for offenders who had not committed a "hands-on" offense. These are not arguments for a reviewing court; the sentencing judge was entitled to accept the experts' opinions and give them the weight he thought they deserved.

"demonstrated strength of character in confronting his problems," none of which were reflected in Wachowiak's Category I criminal history under the guidelines. The government counters that Wachowiak's lack of criminal history and expressions of remorse are common to many child pornography offenders and thus do not warrant an exceptional sentence. While Wachowiak may be a typical offender in some respects, Judge Adelman sufficiently explained why in his judgment, Wachowiak's degree of remorse and his otherwise good character set him apart from more run-of-the-mill child pornography offenders.

In short, Judge Adelman methodically worked through the statute, ultimately concluding that 70 months sufficiently punished Wachowiak, reflected the seriousness of his offense, promoted deterrence, protected the public, and ensured prompt treatment, all considerations required by § 3553(a)(2). While we might disagree with some of Judge Adelman's reasons for selecting a below-guidelines sentence, they are not wrongheaded to the point of unreasonableness, as in *Goldberg* and *Roberson*. They were, for the most part, specific to Wachowiak (that is, not routine in all or most child pornography possession cases) and generally correspond to leniency in sentencing. The judge gave meaningful consideration to the guidelines range and explained at length why he felt Wachowiak deserved less.

This is not a case in which the judge manifested disagreement with the culpability assumptions built into the guidelines, a prototypically unreasonable exercise of *Booker* sentencing discretion. *United States v. Gonzalez*, 462 F.3d 754, 755 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006); *Wallace*, 458 F.3d at 612-13. Nor is this a case in which the judge deviated from the guidelines solely on the basis of overstated mitigating factors or "normal incidents" of the offense. *Repking*, 467 F.3d at 1096. Judge Adelman did refer to one

normal incident of a child pornography conviction—the social stigma of being a sex offender—as a "collateral consequence" the guidelines failed to take into account. Were this his only or primary reason for deviating from the guidelines we might be more skeptical of the sentence's reasonableness, as stigma and child pornography convictions go hand in hand. But this was just one of many reasons the judge gave for this below-guidelines sentence.

At bottom, the government believes 70 months does not adequately reflect the seriousness of Wachowiak's offense. If we were sentencing Wachowiak, we might agree. But our task on reasonableness review is limited; we are to ensure that "the district judge imposed the sentence for reasons that are logical and consistent with the § 3553(a) factors," *Williams*, 425 F.3d at 781, and that the sentence imposed falls within the broad range of reasonable sentences in the circumstances of the case. A one-day sentence for a millionaire bank executive who stole nearly $1 million fell outside that range, *Repking*, 467 F.3d at 1096 (advisory guidelines range of 41 to 51 months), as did a sentence of probation for a brokerage employee who embezzled $400,000, *Wallace*, 458 F.3d at 606 (advisory guidelines range of 24 to 30 months). A one-day sentence for possession of hundreds of highly aggravated images of child pornography fell outside that range, *Goldberg*, 2007 WL 1827645, at *1, *3 (advisory guidelines range of 63 to 78 months), as did a sentence of one month for armed bank robbery, *Roberson,* 474 F.3d at 437 (advisory guidelines range of 46 to 57 months). This sentence of 70 months for receiving child pornography, though certainly lenient given the seriousness of the crime, lies tolerably within the boundaries of permissible differences of judicial opinion.

*Booker* sentencing discretion is inevitably in tension with the congressional goals of achieving greater unifor-

mity and proportionality in sentences through a system of guidelines sentencing. *Rita*, 127 S. Ct. at 2464. But we do not understand *Booker*'s review-for-reasonableness standard to empower us to displace district court sentencing judgments more aggressively than traditional abuse-of-discretion principles normally would allow. *See United States v. Pruitt*, 487 F.3d 1298, 1319-20 (10th Cir. 2007) (McConnell, J., concurring) (discussing the limits of appellate review for reasonableness, observing that "appellate courts . . . have neither the district court's familiarity with individual circumstances nor the [Sentencing] Commission's expertise and democratic warrant to set policy"). On this understanding of reasonableness review, Wachowiak's 70-month sentence is not unreasonable.

AFFIRMED.

A true Copy:

      Teste:

 

               _____
               *Clerk of the United States Court of*
                  *Appeals for the Seventh Circuit*