NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 21, 2009
Decided May 15, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3456

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:08CR00031-001 |
| VANESSA ALLEN HATCHER, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Vanessa Hatcher pleaded guilty, pursuant to a plea agreement, to conspiring to use fire to commit a federal felony.  She admitted participating in an arson-for-hire scheme that defrauded insurance companies out of more than $2 million.  A probation officer calculated a guideline range of only 10 to 16 months, but the district judge sentenced her to 121 months in prison, reasoning that the guidelines did not take into consideration the cost, duration, or number of victims involved in the offense.  Hatcher appeals, arguing that her sentence is unreasonably high.  Because the district judge reasonably concluded that the guidelines

range does not adequately reflect the severity of Hatcher's offense and properly justified her sentence according to the § 3553(a) factors, we affirm.

Hatcher admitted setting 39 fires over an 8-year period as part of a scheme to defraud insurance companies. She and her co-conspirators would acquire a house or apartment, insure the property, and then set a fire and collect on the insurance policy. Hatcher, who, according to her own admission, was particularly talented at starting fires that appeared to be accidental, participated primarily by setting the fires at others' request, and was typically paid between $2,000 and $10,000 from the insurance proceeds. She also assisted others in inflating insurance claims. Hatcher admitted that the fires she started cost insurance companies approximately $2.3 million and injured two people.

In one case, Hatcher set a duplex on fire and two people in the adjoining half of the duplex were nearly trapped. Hatcher's son ran into the residence to help the trapped occupants and a portion of the house collapsed on him, injuring his leg. In the other case, a firefighter fractured his scapula while responding to a fire that Hatcher set and, as a result, missed eight weeks of work.

The government indicted Hatcher on one count of conspiracy to commit a federal offense, 18 U.S.C § 844(m), and four separate counts of use of fire to commit a federal felony, 18 U.S.C. § 844(h). Hatcher pleaded guilty to the conspiracy count, and the court granted the government's motion to dismiss the remaining counts. The plea agreement specifically provided that the government could argue for a sentence higher than the guidelines range (the statutory maximum is 20 years).

A probation officer calculated Hatcher's offense level to be 10, based on an offense level of 12, *see* U.S.S.G. § 2K1.3(a)(5), minus a 2-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a). The probation officer determined Hatcher's criminal history category to be at level III and calculated her guidelines range at 10 to 16 months. The probation officer, however, recommended imposing a 60-month sentence, based on the "serious nature of the offense, Ms. Hatcher's role in the offense, and the number of fires involved in the offense." The government, too, advocated a sentence "several years" over the guidelines, pointing to the seriousness of Hatcher's offense, the threat the fire posed to firefighters and other members of the community, and the cost to the victims.

District Judge Sarah Barker agreed with the government that Hatcher's crime merited an above-guidelines sentence. The judge said that reviewing Hatcher's crimes left her "speechless," that the offense was "breathtaking," and the $2.3 million cost to the victims was "staggering." The judge, referring to sentencing factors in 18 U.S.C. § 3553(a), pointed out that the sentencing guidelines did not take into consideration the seriousness of the

offense or Hatcher's significant role in the offense.  So the judge increased the offense level accordingly.  The judge reasoned that Hatcher's role, which included enlisting other people in the offense, merited a 8-level increase in the offense level.  The judge also concluded that the injuries caused to Hatcher's son and the fireman merited a 3-level increase for each injury, and that the number of fires set and amount of loss merited yet another 3-level increase in the offense level.  The judge added another 3-level increase for the extended period of time over which the crimes were committed.  Judge Barker concluded that an offense level of 30 yielded a more appropriate sentence: approximately 10-years' imprisonment.

On appeal Hatcher argues generally that the 121-month sentence was unreasonable. She maintains that, although the district judge consulted the factors in 18 U.S.C. § 3553(a), the sentence was higher than necessary to accomplish the goals of the statute.

The judge, however, referred to the § 3553(a) factors and amply justified the above-guideline sentence.  Sentences outside the guideline range are reasonable if they conform to the sentencing factors in 18 U.S.C. § 3553(a), *United States v. Simmons*, 485 F.3d 951, 953 (7th Cir. 2007), and a sentencing judge should support an above-guidelines sentence with "compelling justifications," *United States v. Gordon*, 513 F.3d 659, 666 (7th Cir. 2008).  As Judge Barker noted, the sentencing guidelines for Hatcher's crimes did not provide for any increases in offense level for her role in the offense or the cost to the victims. The guidelines relevant to 18 U.S.C. § 844(m), captioned "Unlawful Receipt, Possession, or Transportation of Explosive Materials; Prohibitive Transactions for Explosive Materials," do not appear to be designed for Hatcher's arson-for-hire scheme: they provide for enhancements only for stolen explosives and the weight of explosive materials.  *See* § 2K1.3(b).  In fact, the underlying offense—using fire to commit a federal felony, 18 U.S.C. § 844(h)—carries a mandatory minimum of 10 years' imprisonment.  The disparity between the guidelines range for conspiracy to commit arson, 12-16 months, and the 10-year minimum for arson itself, supports the judge's determination that the guidelines range was inadequate to capture the circumstances and seriousness of the Hatcher's offense and the need to deter other would-be arsonists.  *See* 18 U.S.C. § 3553(a)(1)-(2); *United States v. Orosco-Vasquez*, 469 F.3d 1101, 1109 (7th Cir. 2006).  *See also United States v. Hill*, 552 F.3d 686, 692-93 (8th Cir. 2009).

Hatcher cites two cases to support her argument that her sentence was unreasonable. She argues that *United States v. Howard*, 454 F.3d 700, 704 (7th. Cir 2006), where we upheld an above guideline sentence of 293 months (the range was 188 to 235 months) in a drug case where a person died of an overdose, supports her contention that her sentence is too high because "she certainly did not cause anyone to die."  But *Howard* does not stand for the proposition that an above-guidelines sentence is reasonable only if the defendant kills someone; it holds that when a defendant kills someone, that fact can support an

above-guidelines sentence.  Moreover, we have affirmed many above-guidelines sentences for offenses that did not result in death.  *See, e.g., United States v. McIntyre*, 531 F.3d 481, 483-84 (7th Cir. 2008); *United States v. Valle*, 458F.3d 652, 658-59 (7th Cir. 2006); and *United States v. Jordan*, 435 F.3d 693, 696-98 (7th Cir. 2006).

Hatcher also cites *United States v. Carroll*, 346 F.3d 744, 751 (7th Cir. 2003), to support her argument that her sentence was unreasonably high.  In *Carroll* we overturned a 262-month sentence (the guidelines range was 70-to-87 months), holding that the sentence was more than necessary to provide a just punishment.  In that case we were taken aback by the fact that the sentencing judge initially approved a plea agreement calling for a 57-month sentence, and when the defendant chose to enter a blind plea, imposed a sentence 17 years higher.  Hatcher does not explain why *Carroll* is relevant; she simply concludes that in her case, "there were no upward adjustments or enhancements" thus "it is difficult to understand after viewing the judge's statements . . . how an approximately 1,000% increase (10 times) above [the guidelines] would appear to be appropriate."  In any event, *Carroll* is inapposite.  First, it was a pre-Booker case, which required the sentencing judge to establish a precise link between the guidelines' structure and the degree of an upward departure.  *See United States v. McKinney*, 543 F.3d 911, 913 (7th Cir. 2008).  Second, Hatcher's sentence was decided after the sentencing judge's initial evaluation of the facts, and the holding in *Carroll* was premised on the fact that the judge had originally accepted a much lower sentence than the one ultimately imposed.

Judge Barker gave specific reasons for every incremental increase in Hatcher's sentence above the guidelines range by reference to increases in the offense level.  Hatcher's argument amounts to a bald assertion that the increases were too high, without specifically addressing the individual increases.  When a sentencing judge, as here,  has "made a searching evaluation of a defendant's case, applied the statutorily mandated factors to the sentence and clearly articulated why the given defendant warrants a sentence that would be a departure from the correct range, the sentence is reasonable."  *United States v. Abbas*, No. 07-3866, slip op. at 17-18 (7th Cir. Mar. 26, 2009).

Accordingly, we AFFIRM Hatcher's sentence.