**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2009
Decided June 11, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2706

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:06 CR 123 RL |
| MICHAEL LEE BULLINGTON, | |
| *Defendant-Appellant*. | Rudy Lozano, |
| | *Judge*. |

**O R D E R**

While serving a three-year term of supervised release, Michael Bullington tested positive for drugs on a number of occasions. This led the district court to revoke his release. At the revocation hearing, Bullington flatly denied that he had tested positive for cocaine on one final occasion not mentioned in the revocation report. Concluding that Bullington had perjured himself, the district court imposed a 15-month sentence of imprisonment; this was four months above the top of the advisory guidelines range. Bullington challenges that sentence on appeal.

Bullington had been serving a sentence for transporting firearms with intent to commit a felony (armed robbery). See 18 U.S.C. § 924(b). After pleading guilty to that charge, he was

sentenced to 63 months' imprisonment, to be followed by 36 months' supervised release. The day after he was released from prison, he failed a drug test. Despite participating in two rounds of drug rehabilitation over the next two years, Bullington failed at least three more drug tests. He also skipped two additional drug tests and missed meetings required under his rehabilitation program. In April 2008 his probation officer reported these violations to the court. Later, the officer amended the report to add the fact that Bullington had again tested positive for cocaine.

At the revocation hearing Bullington admitted all of the charged violations except the last one. He admitted that he blurted "bullshit" upon being told by the technician that the urine sample was positive for cocaine, and he repeatedly denied (even at his hearing) that the specimen tested was his. The technician, however, testified that he watched Bullington urinate into a receptacle and then, still in Bullington's presence, did two preliminary tests that were both positive for cocaine.

Also at the hearing, Bullington and the government presented their respective arguments about an appropriate sentence. Bullington pointed to a number of positive factors that (in his view) supported a lenient approach, including the following uncontested facts about his behavior during his term of supervised release:

- he had not been arrested for any crimes,
- he had maintained a job and been promoted,
- he had ended a romantic relationship that he thought contributed to his drug use,
- he had moved in with his parents,
- he had paid in full the fine for his offense,
- he had passed more than 40 drug tests.

The government argued that these points should carry very little weight, because Bullington not only had violated the drug laws but also had perjured himself by denying the result of the last drug test. In light of Bullington's perjury the government asked for the statutory maximum sentence of 24 months' reimprisonment, 18 U.S.C. § 3583(e), although the range recommended in Chapter 7 of the sentencing guidelines was 5 to 11 months. See U.S.S.G. § 7B1.4(a). Bullington pressed for a sentence of drug rehabilitation instead of incarceration, arguing that incarceration would not help his drug problem.

The judge sentenced Bullington to 15 months' reimprisonment. He found that Bullington had perjured himself by lying about a material fact, that is, whether he had used drugs before his last failed drug test. The judge was dismissive about Bullington's "accomplishments" during his release, such as maintaining a job, commenting that they were "things good citizens are expected to do." The judge was similarly unpersuaded that Bullington's perjury and drug use were outweighed by his paying his fines, ending a relationship that contributed to his drug

problem, and moving in with his parents. The judge took particular exception to counsel's characterization of Bullington as "law-abiding"; he remarked that Bullington hardly deserved a medal for violating the law "only" four or five times in two years, and he speculated that Bullington's lack of arrests simply meant that he had not gotten caught doing anything else unlawful. And given Bullington's unsuccessful attempts at drug rehabilitation, the judge was not convinced that another court-ordered rehabilitation program would deter him from future use. The judge also placed no weight on Bullington's steady job, except to say that reincarceration might serve as a measure of deterrence upon his ultimate release because he would know that his drug use caused him to lose that job. Finally, the judge observed that a drug user can endanger society if he uses drugs while engaging in activities that could harm others, such as driving a car (though there was no evidence that Bullington had done so).

On appeal Bullington argues that his above-guidelines term of reimprisonment is procedurally and substantively unreasonable. He contends that the judge failed properly to consider the factors under 18 U.S.C. § 3553(a), and instead allowed his strong reaction to the failed drug test and Bullington's lie about it to cloud his appreciation of Bullington's other accomplishments. Bullington reiterates that he has struggled with drug addiction, that he passed a number of drug tests, and that the judge failed to consider his prospects for rehabilitation.

Although we are troubled by the tone of the district court's remarks, there is no indication on this record that the court was unaware of the points Bullington was trying to make. The court simply did not attach the weight to Bullington's achievements that he believed that it should. The question before us is whether the sentence of reimprisonment the court chose was "plainly unreasonable." See *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). It was not. The judge listened to counsel's arguments and specifically addressed Bullington's behavior while on supervised release, his history with drugs, the need for adequate deterrence and punishment, the need to protect the public, and Bullington's need for treatment. The judge found, contrary to Bullington's arguments, that these factors favored a sentence four months above the recommended range. This court will not substitute its judgment for that of the district court. See *United States v. Wachowiak*, 496 F.3d 744, 751 (7th Cir. 2007).

Before this court, Bullington has minimized the point that most concerned the judge: the fact that he perjured himself during the revocation hearing. The judge's finding of perjury was supported by the record: Bullington insisted that he was "clean" and denied that the urine sample was his, in the face of the technician's testimony to the contrary. Perjury reflects adversely on a defendant's character and willingness to obey the law, see *United States v. Dunnigan*, 507 U.S. 87, 94 (1993), and this finding adequately justified the judge's selection of a sentence four months longer than the high end of the guidelines. See *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Neal*, 512 F.3d at 438-39; see also U.S.S.G. § 3C1.1 & cmt. n.4(b), (f) (providing for upward adjustment of original sentencing range when defendant commits

perjury); *United States v. Bermea-Boone*, 563 F.3d 621, 627 (7th Cir. 2009); *United States v. Contreras*, 937 F.2d 1191, 1194 (7th Cir. 1991).

We AFFIRM the sentence of reimprisonment imposed by the district court.