NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 10, 2010
Decided December 23, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1518

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09 CR 84 |
| EDWARD BOSIRE, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Edward Bosire pleaded guilty to mail fraud and was sentenced to 39 months' imprisonment.  On appeal he argues that he should have received a two-level reduction as a minor participant in the fraud.  Because the district court did not clearly err in refusing this reduction, we affirm the judgment.

Edward Bosire and his wife, Angela Martin Mulu, both asylum refugees from Kenya, engaged in a four-year fraud scheme that targeted several Midwest religious communities. The couple represented themselves as siblings and told their victims that they were homeless illegal immigrants suffering from serious medical conditions including malaria and tuberculosis, and that they had significant legal bills attendant to their immigration status.  During the four-year period covered by the indictment, the couple netted over $1.1 million in proceeds, including $815,000 from the Discalced Carmelite Nuns of Pewaukee,

Wisconsin.  Though the couple said they needed the funds for legal and medical bills and tuition, they used the money to maintain two apartments and gambled away nearly $1 million.

In March 2009, the couple was charged with mail fraud under 18 U.S.C. § 1341. Bosire pleaded guilty pursuant to a written plea agreement, and conceded that the relevant conduct at sentencing should include the total proceeds of the fraud.  The probation officer set a base offense level of 7, *see* U.S.S.G. § 2B1.1(a)(1), and added 14 levels after concluding that the loss was more than $400,000 but less than $1 million, *see id.* § 2B1.1(b)(1)(H).   The probation officer also added two levels because the offense involved 10 or more victims, *see id.* § 2B1.1(b)(2)(A)(1), and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1.  Bosire's total offense level of 20 and criminal history category of I yielded an imprisonment range of 33 to 41 months.

In response to the presentence report and again at sentencing, defense counsel argued that Bosire merited an additional two-level reduction under U.S.S.G. § 3B1.2(b) as a minor participant in the fraud.  Counsel argued that Bosire had far less contact with the victims than Martin Mulu, pointing to several victim statements that cited no contact with Bosire.  Counsel also maintained that Bosire was just a "prop" or "driver," and that he often remained in the car while Martin Mulu talked to the victims.  Finally, he argued that Bosire had less than full knowledge about Martin Mulu's interactions with the victims because the couple maintained separate residences and were often apart while Bosire attended classes and worked as a truck driver.

The district court rejected these arguments, reasoning that by being present but staying in the car Bosire facilitated Martin Mulu's story that he was in ill health.  The court also noted that the fraud had spanned four years, there was no indication that Bosire was not fully aware of what was going on or that he had foregone the benefits of the fraud, and there was no indication that he had tried to stop the fraud.  The district court adopted the probation officer's proposed findings, sentenced Bosire to 39 months' imprisonment, and assigned him joint liability for restitution totaling over $980,000.

On appeal Bosire argues that the district court erred when it declined to grant him a minor-role reduction, renewing his arguments both that he was a mere "prop" in the fraud and neither necessary nor essential to the fraud's success.  To merit the reduction, Bosire had to show by a preponderance of the evidence that he was substantially less culpable than the average participant in the scheme.  *See* U.S.S.G. § 3B1.2(b), cmt. n.3(A); *United States v. Doe*, 613 F.3d 681, 687 (7th Cir. 2010).  We review for clear error the factual findings underlying a sentencing court's denial of a mitigating-role adjustment.  *United States v. Panaigua-Verdugo*, 537 F.3d 722, 724 (7th Cir. 2008).

But Bosire provided no evidence at sentencing in support of his argument. Nor did he introduce any evidence challenging the accuracy of the information contained in the presentence report. *See United States v. Heckel*, 570 F.3d 791, 795 (7th Cir. 2009) (stating that a defendant cannot challenge a presentence report by making a "bare denial" of its accuracy); *see also United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005). The evidence at sentencing showed that Bosire engaged in a four-year scheme with Martin Mulu to defraud a broad array of religious groups and persons. He also took several steps to assist in the fraud, by receiving and cashing checks on at least one occasion and by driving Martin Mulu to visit prospective and ongoing victims. And though he disputes the degree of benefit he reaped from the fraud, it is clear that he did benefit—he admitted that he frequently gambled with some of the proceeds and spent the rest. He also failed to do anything to stop the fraud. Moreover, Bosire admitted that he assisted both in contacting and continuing to defraud the Carmelites, whose loss constituted the bulk of the money taken.

Nor can Bosire disavow knowledge of the full scheme. He acknowledged in his plea agreement that the full proceeds of the fraud were relevant conduct for sentencing purposes. It is not clear from the record if Bosire himself spoke to any victims, but his absence advanced the couple's story that he was "too sick" to meet with victims. And though Bosire argues that he had "lesser knowledge" because he was not present for all the meetings, the district court credited Martin Mulu's plea-hearing testimony that there were "no secrets" between the couple; it need not have credited Bosire's unsworn allocution to the contrary, U.S.S.G. § 3B1.2, cmt. n.3(C); *United States v. Howard*, 454 F.3d 700, 703 (7th Cir. 2006).

AFFIRMED.