In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2879

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANCIS BAREVICH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04-CR-301—**J.P. Stadtmueller**, *Judge.*

ARGUED JANUARY 10, 2006—DECIDED APRIL 26, 2006

Before BAUER, RIPPLE, and WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* Francis Barevich pleaded guilty to transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). On June 14, 2005, the district court sentenced Barevich to 76 months' imprisonment and two years of supervised release. Barevich challenges sentencing enhancements applied by the district court.

## I.  Background

In 2003, the New York City Police Department ("NYPD") took control of a file transfer protocol server ("server") that had been used to distribute child pornography. A server acts as an online information clearinghouse that allows Internet users to upload or download files to and from the server. When the NYPD took over the server, they modified it so that the server would accept uploads only. The NYPD then advertised the server's availability in pre-teen Internet chat rooms; such chat rooms are frequented by pedophiles.

The NYPD discovered that on October 2, 2003, a six-second video had been uploaded to the server from Barevich's Internet Protocol Address ("IPA"). The video, entitled "PEDO-MOM.MPEG," depicted an adult male vaginally penetrating a four to six-year-old female with the assistance of an adult female. Under the statute, uploading such images from a computer to the server constitutes transporting child pornography. *See* 18 U.S.C. § 2252(a)(1). Once investigation confirmed that the video had been uploaded from Barevich's IPA, a federal search warrant was secured and executed at his home in Waukesha, Wisconsin, on May 22, 2004. A forensic examination of Barevich's computers revealed 8,178 picture files of what appeared to be children in various stages of undress or engaged in sexually explicit activity. Some of the images depicted sadomasochistic conduct, with children tied up, restrained, or bound, while sexual acts were being performed on them. The children in these pictures appeared to range from under eight years of age to mid-teens. Additionally, Barevich's computers contained 3,083 text files that recounted stories of incest and children engaged in sexual acts with other children and adults. Finally, 80 video files were found depicting children either in various stages of undress or in assorted acts of graphic sexual activity with other children and adults.

In the district court, Barevich pleaded guilty to transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). Based on the Pre-Sentence Investigation Report, Barevich was given an offense level of 27, which included a four-level increase pursuant to U.S.S.G. § 2G2.2(b)(3). The district court applied this enhancement based on sadomasochistic images found in Barevich's possession when he was arrested for transporting child pornography. This yielded an advisory Guidelines range of 87 to 108 months; without the enhancement the range would have been 57 to 71 months. The district court sentenced Barevich to 76 months' imprisonment and two years of supervised release. He filed a timely notice of appeal.

## II. Discussion

Barevich objects to the four-level enhancement applied under U.S.S.G. § 2G2.2(b)(3). The increase to Barevich's sentence was based on images in his possession, but not on the images he transported. The defendant raises the issue because if he had been convicted of possession only, the enhancement would not have been available.

We review a district court's decision to apply specific sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005); *see also United States v. Ellison*, 113 F.3d 77, 79 (7th Cir. 1997). While the government urges that the material Barevich transported was sadomasochistic as a matter of law, Judge Stadtmueller made no factual finding regarding the sadomasochistic nature of the transported material. In fact, the video was never introduced into evidence, as the government conceded in briefing and in argument. So we only address the district court's application of the sentencing enhancement based on Barevich's relevant conduct.

Barevich was convicted of the greater crime of transporting child pornography, under 18 U.S.C. § 2252(a)(1). He argues that if he were convicted of the lesser crime, possession of child pornography, he would not be subject to the four-level enhancement for possession of sadomasochistic child pornography and his base level would have been lower. While Barevich points out this interesting discrepancy, it is a discrepancy that was contemplated by the Guidelines. *See United States v. Grosenheider*, 200 F.3d 321, 332-33 (5th Cir. 2000) (delineating the differences between the various offenses and sentences involving child pornography). Possession of sadomasochistic child pornography by a defendant who has committed the greater offense of transporting child pornography in interstate commerce informs the severity of the crime. Those who traffic in child pornography, either by receiving or transporting the material, "increase the market for child pornography and hence the demand for children to pose as models for pornographic photographs . . . ." *United States v. Richardson*, 238 F.3d 837, 839 (7th Cir. 2001). The Guidelines demonstrate a concern for the welfare of the children who are exploited in order to create the pornography. This makes the trafficker a "greater malefactor than the possessor." *Id.*

Barevich's claims in this Court are limited by his concessions in the district court. At his sentencing hearing and in his briefs to this Court, Barevich conceded that his possession of sadomasochistic child pornography constituted relevant conduct for his offense of transporting child pornography. Under U.S.S.G. § 1B1.3, his concession is significant since the Guidelines call for all acts committed by the defendant "during the commission of the offense" to be considered for relevant conduct. *Id.*

This Circuit has held that possession of sadomasochistic images and magazines constitutes relevant conduct for crimes similar to Barevich's offense. In *United States v.*

*Ellison*, we decided, with facts comparable to the case at hand, that this same four-level enhancement can be applied when the relevant conduct evinces sadomasochistic images but the actual image under which the defendant is charged does not. 113 F.3d at 78-79, 82. Barevich's argument mirrors the issue in *Ellison*, where the defendant claimed that the enhancement was inapplicable because the child pornography video for which he was convicted did not contain depictions of sadomasochism; only the magazines in his possession contained such images. *Id.* at 82. We rejected Ellison's argument because his possession of the sadomasochistic images constituted relevant conduct to his receipt of the child pornography video. *Id.* As we explained in *Ellison*, a greater purpose is served when we include "uncharged but relevant conduct . . . and take into account all conduct indicating the seriousness of the charged offense . . . ." *Id.* at 83. Similarly here, Barevich's possession of sadomasochistic child pornography is properly included as uncharged but relevant conduct for the charged offense of transporting child pornography.

The overarching goal of the sentencing guideline enhancements is to weaken the market for child pornography that "keeps the producers and distributors of this filth in business." *Id.* at 81. *See also Richardson*, 238 F.3d at 839; *United States v. Turchen*, 187 F.3d 735, 737 n.2 (7th Cir. 1999). Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it. *See United States v. Johnson*, 221 F.3d 83, 98 (2d Cir. 2000) (explaining that the Guidelines expressly contemplate more severe punishment by application of § 2G2.2 if the conduct involved something more than "simple possession"). As a result, given our decision in *Ellison* and the guidance that U.S.S.G. § 1B1.3 provides, we hold that the district court

did not clearly err in applying U.S.S.G. § 2G2.2(b)(3) to increase Barevich's sentence.

## III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

A true Copy:

       Teste:

                 _____
                 *Clerk of the United States Court of*
                 *Appeals for the Seventh Circuit*