# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2369

_____

United States of America,      *
                               *
        Plaintiff - Appellant,  *
                               *  Appeal from the United States
    v.                          *  District Court for the
                               *  District of Nebraska.
Karl Grinbergs,                 *
                               *
        Defendant - Appellee.   *

_____

Submitted: November 13, 2006
Filed: December 12, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge

    Karl Grinbergs pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). After calculating an advisory guideline range of 46 to 57 months imprisonment, the district court sentenced him to 12 months and a day. The government appeals, and we reverse.

    Grinbergs belonged to an online Yahoo group whose members were interested in viewing sexually explicit images of children. An undercover agent for the Federal Bureau of Investigation gained access to the group, and authorities were able to trace the screen name pumpkin_girl_16 to Grinbergs' home address. When a search warrant was executed at his residence in December 2004, more than 300 images of child

pornography were discovered on the hard drive of his computer. Among the images were depictions of known victims and prepubescent minors. During an interview following the search, Grinbergs admitted that he was pumpkin_girl_16 and that he was responsible for downloading the images found on his computer. On June 22, 2005, Grinbergs was indicted on one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

Grinbergs pled guilty to the charge in the indictment on December 19, 2005 pursuant to a plea agreement. In that agreement the parties stipulated to a base offense level of 18 under the advisory guidelines, as well as to a two level increase for possession of materials involving prepubescent minors, a two level increase for the use of a computer in the offense, and a four level increase for possession of at least 300 images of child pornography. The government also advised the court that Grinbergs was entitled to a three level reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility.

At sentencing there was no dispute that the guideline range was 46 to 57 months, but Grinbergs moved for a downward departure or "deviation" on the basis of diminished capacity, his emotional health at the time of the offense, and extraordinary post offense rehabilitation. In support of his motion, Grinbergs introduced evidence that one treating psychiatrist had diagnosed him with a major depressive disorder and that another had concluded that he had a type of persistent low grade depression known as dysthymic disorder. Grinbergs also presented testimony from Chandra Petersen, a mental health and addiction therapist, who had been treating him since August 2005. She described Grinbergs as a shy individual with low self esteem, depressed moods, and an adjustment disorder, but she was unable to say whether or not depression had been a contributing cause of his offense. Petersen praised Grinbergs' progress in rehabilitation, noting that while his recovery from addiction to pornography was still ongoing, he had come to understand that his crime victimized the children involved. Petersen stated that in her opinion Grinbergs was not a typical child sex offender or a predator but instead had fallen victim to the

internet, which provided him with an easy outlet for his desire for attention. When asked whether Grinbergs had moved from passive viewing of pornography to the more active grooming stage, she was not able to answer with any certainty.

At the conclusion of the hearing, the district court departed from the advisory guideline range to sentence Grinbergs to 12 months and a day in prison on the basis of his diminished mental capacity and this offense being outside the general heartland. See U.S.S.G. §§ 5K2.13, 5K2.0. The court also indicated that it would arrive at the same sentence by considering the 18 U.S.C. § 3553(a) factors and that it credited Petersen's testimony that Grinbergs was not a predator nor likely to become one.

We review the district court's findings of fact for clear error and its application of the advisory sentencing guidelines de novo, including whether it based its departure on permissible factors. See United States v. Mugan, 441 F.3d 622, 631 (8th Cir. 2006). While the sentencing guidelines are not mandatory, they are an important factor that the district court must consider in fashioning an appropriate sentence. United States v. Booker, 543 U.S. 220, 260 (2005). We review the resulting sentence for reasonableness in light of all the § 3553(a) factors, applying an abuse of discretion standard. United State v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (citing Haack, 403 F.3d at 1004).

Both parties agree that the advisory guideline range in this case is 46 to 57 months, and the government argues that the court's 75% reduction from that range to impose a sentence of 12 months and a day is unreasonable under the circumstances. Section 5K2.13 of the sentencing guidelines provides that a downward departure may be appropriate under that section if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly

-3-

reduced mental capacity contributed substantially to the commission of the offense." Under the guidelines a § 3K2.13 departure is unavailable to a defendant convicted of an offense involving child pornography. U.S.S.G § 5K2.13. Because the guidelines are now advisory, however, the district court could still consider Grinbergs' mental capacity insofar as it was relevant to the § 3553(a) factors. See United States v. Hadash, 408 F.3d 1080, 1083-84 (8th Cir. 2005).

Even when viewed through the lens of reasonableness, the district court's reliance on Grinbergs' mental capacity falls short of providing adequate justification for the large departure in this case. There is no evidence that Grinbergs' depression contributed in any way to the commission of his crime. In fact at one point during her testimony Petersen attributed his depression to the shame and guilt of being arrested and indicted, suggesting that the disorder was a byproduct rather than cause of the offense, and Grinbergs did not begin seeing Petersen until more than a month after his indictment. Depression experienced in the wake of a criminal prosecution is not unusual and not justification for the large departure or variance in this case.

The second factor relied on by the district court was the general heartland exception embodied in U.S.S.G. § 5K2.0. A departure under this section is appropriate where the district court finds a mitigating circumstance not adequately taken into consideration by the Sentencing Commission. See 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0(a)(3). Here, the district court found that Grinbergs was an atypical offender because he was making progress toward rehabilitation and because he was not likely to become an active sexual predator. Neither of these circumstances was sufficient to take this case out of the heartland, however. Ordinary post offense rehabilitation is already accounted for in § 3E1.1. See U.S.S.G § 3E1.1 comment n. 1(a)(g). Grinbergs thus had already received credit for his progress in therapy by his three level reduction for acceptance of responsibility under § 3E1.1. An additional reduction would be warranted only if his rehabilitation went above and beyond the degree of rehabilitation contemplated by § 3E1.1. See United States v. Rogers, 400 F.3d 640, 641-42 (8th Cir. 2005). That Grinbergs had been regularly attending

therapy sessions, had been avoiding the triggers of his pornography addiction, and had come to acknowledge the wrongfulness of his conduct are all commendable actions, but they are not the marks of extraordinary or atypical rehabilitation. See United States v. Patterson, 315 F.3d 1044, 1049 (8th Cir. 2003).

Nor was the large departure justified by the fact that Grinbergs had never actively engaged in sexual activity with children, that he had never produced pornography, or that he might be considered unlikely to become a sexual predator in the future. Such offenses are punished under separate provisions of the guidelines. Compare U.S.S.G. § 2G2.2 with U.S.S.G. §§ 2G2.1, 2A3.2. There could be no concept of a heartland for an offense if the offense were deemed atypical simply because the defendant had not committed other crimes. Uncertainties about his future conduct would not diminish the fact that Grinbergs has provided a market for materials that directly victimize the children depicted. Cf. Osborne v. Ohio, 495 U.S. 103, 109 (1990) (government has compelling interest in outlawing possession of child pornography in order "to destroy a market for the exploitative use of children"). We conclude that Grinbergs' actions fall squarely within the heartland of cases for the offense charged.

When measured against the factors in § 3553(a), the sentence was also unreasonable. Neither Grinbergs' reaction to his arrest and indictment nor the progress he has made in therapy set him apart from other offenders to any great degree. See 18 U.S.C. § 3553(a)(1). There is also nothing unusual about the nature or circumstances of his offense. See id. Even if the individually deficient reasons for the departure or variance are aggregated, they still fall short of providing the justification required for a departure of this degree. Since there is nothing in the record that significantly differentiates this case from other cases of child pornography possession, the sentence imposed failed adequately to take account of Congress's stated desire to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §

3553(a)(6).  We conclude that under all the circumstances the sentence imposed was an abuse of discretion.

Accordingly, we vacate Grinbergs' sentence and remand for resentencing.

_____