In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 07-1393

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

JEREMY GOLDBERG,

*Defendant-Appellee*.

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 922—**Joan B. Gottschall**, *Judge*.

---

SUBMITTED MAY 29, 2007—DECIDED JUNE 27, 2007

---

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. The government appeals from the imposition of a sentence of one day in prison, time served, for a violation of the Child Pornography Prevention Act of 1996. The specific section of the Act that the defendant violated, 18 U.S.C. § 2252A(a)(5)(B), authorizes, so far as bears on this case, the imposition of a maximum prison sentence of 10 years on anyone who "knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce

by any means, including by computer." For the defendant's particular offense, the federal guidelines sentence range was at least 63 to 78 months—"at least" because, as noted at the end of this opinion, it appears to have been miscalculated in the defendant's favor.

The judge imposed a nominal prison sentence, though her preference was to impose no prison sentence at all, because without imposing a prison sentence she could not have imposed supervised release. The statute that authorizes supervised release, 18 U.S.C. § 3583(a), states that "the court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The Sentencing Commission understands supervised release to presuppose a prison sentence. See U.S.S.G. ch. 7, pt. A, § 2(b); see also *United States v. Sanchez-Estrada*, 62 F.3d 981, 994 (7th Cir. 1995).

The defendant, who is now 23 years old, is the son of a prosperous couple in the wealthy Chicago suburb of Highland Park. He downloaded file-sharing software that gave him access to a web site called "#100% PreTeenGirlPics." Over a period of some 18 months, he downloaded hundreds of pornographic photographic images, some depicting children as young as 2 or 3 being vaginally penetrated by adult males. He offered these images to other subscribers to the web site to induce them to send similar images in return. He masturbated while viewing the pornographic images. He has a history of drug abuse. His lawyers describe him as a "normal young adult."

The district judge justified the remarkably light sentence that she gave the defendant as follows:

It's a very, very difficult case, but I have concluded that I'm going to begin with a lengthy period of supervision rather than a period of incarceration, with the idea that it's going to be very intensive, and if there is a problem, Mr. Goldberg is going to go away for a very long time.

But the way I look at this case, . . . I think that if I sent Mr. Goldberg away for 63 months or anything close to it with the hope that he gets sex offender treatment in prison, we're pretty much guaranteeing his life will be ruined. And I think there's some possibility here that his life can go in a different way, and I'd like to try that, but I'm very worried, because what's gone on here is very, very difficult for me to deal with. I mean, these pictures, I can't even bear to look at them they're so horrible. And what spiraling downward does to you so that you can stand looking at pictures like that I don't know, but it's spiraling pretty far downward.

The guidelines allow me to place Mr. Goldberg, and I'm going to . . . I don't know what our current word is . . . deviate from the guidelines under 3553, and I'm going to impose a period . . . as I said, the supervised release can be any years up to life. I'm going to impose a ten-year period of supervised release.

It's more supervised release than I have ever imposed before, but I really think that given the psychiatric reports and given what transpired here, that the period of supervision has to be long enough to ensure that if Mr. Goldberg turns his life in a different direction he does it for a long time.

I also want to make sure that if there is further . . . any evidence of further problem, that the Court retains a handle over Mr. Goldberg for a long time.

Now, during that period of supervision, I really need a little help in figuring out . . . and I have been trying to get the lawyers to give it to me, but I don't know that I've gotten it yet. Maybe it depends on what kind of financial commitment people are able to make, I don't know, but I need to have close supervision in both the drug area and in the therapy area to make sure that we're not having a problem here. And I know that . . . I think Ms. Cohen is the one who suggested some kind of periodic polygraph examinations, and I think that should be an important part of this.

.*    *    *

I think I better now talk about why under Section 3553 I deviated from the guidelines. My reason in this case is less . . . well, it's this: It's considering the history and characteristics of the defendant I think that there's a substantial likelihood . . . and also considering the psychiatric reports, that this offense was committed out of boredom and stupidity and not because Mr. Goldberg has a real problem with the kind of deviance that these cases usually suggest. I believe that if that is correct, and if he is sent to prison for a lengthy period, anything of any consequence at all, I think it's going to ruin his life in many ways.

I think that sex offender treatment within the Bureau of Prisons is going to expose him to people who are dangerous to him. I think any substantial period of incarceration is going to ensure that he's not able to

take advantage of his education and get a good job, and I think all of this will reinforce whatever negative things he's done in the past rather than pushing him in a positive direction.

I recognize that the viewing of child pornography over the Internet destroys the lives of young children, but I also recognize that the life that I'm concerned with here, the life that I can affect, is Mr. Goldberg's life, and I don't want to destroy his life in the hope that maybe in some very indirect way it's going to help somebody else's life. I don't think it is. And I would like, if I can, to support him in putting his life on a positive direction rather than in destroying it.

The reason for the long period of supervision and the close supervision that I believe I've required is to make sure that if he indeed represents a threat, and if I'm wrong in my assessment of what went on here, that we are able to catch it before any damage is done.

This is kind of an odd balancing of factors under 3553, but I think I do have the discretion in an unusual case like this one to choose not to incarcerate and to choose close supervision to see what transpires over the next few years.

There is also a brief "statement of reasons" appended to the original judgment that the judge entered. But it is omitted from the amended judgment (entered because the original judgment was discovered to contain clerical errors) and is not in the appellate record, although the defendant's counsel quotes from it in his brief and the clerk of the district court has found a copy for us. In the oral statement, which we just quoted, the grounds on which the judge justified the sentence were that the defendant was not a real deviant because he had committed the crime out of

"boredom and stupidity," that it would ruin his life to be imprisoned because he would be exposed to "people who are dangerous to him," and that his life, rather than the lives of the small children who had been raped in order to enable the creation of sadistic child pornography to assist the defendant in masturbating, was the only "life that I can affect." The written statement of reasons is similar. In it the judge attributes the defendant's porno-graphic activity to boredom resulting from his being confined at home as a result of being convicted of a drug offense and states that he "has normal sexual interests and is not a pedophile, internet or otherwise." She states that "no one argues that any actual children are at risk from any conduct of [the defendant] (other than the harm to children who are used to make images used on the internet)," but she assigns no weight to *that* harm—the harm to the children—consistent with her oral statement that the only life she can affect by her sentence is the defendant's. The written statement assigns weight to the fact that if the defendant is sent to prison, "his educa-tion will be interrupted."

These grounds, and the passages we quoted in which they appear, do not comply with the requirement that the sentencing judge conscientiously consider the factors set forth in 18 U.S.C. § 3553(a) to guide sentencing. Those factors, so far as pertain to this case, are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

*    *    *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

A prison sentence of one day for a crime that Congress and the American public consider grave, in circumstances that enhance the gravity (we refer to the character of some of the images), committed by a convicted drug offender, does not give due weight to the "nature and circumstances of the offense" and the "history and characteristics of the defendant." It does not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." It does not "afford adequate deterrence to criminal conduct." And it creates an unwarranted sentence disparity, since similarly situated defendants are punished with substantial prison sentences. See, e.g., *United States v. Lange,* 445 F.3d 983 (7th Cir. 2006); *United States v. Grigg,* 442 F.3d 560 (7th Cir. 2006); *United States v. Baker*, 445 F.3d 987 (7th Cir. 2006); *United States v. Perez,* No. 06-50041, 2007 WL 1065784 (5th Cir. Apr. 11, 2007); *United States v. Nikonova*, 480 F.3d 371 (5th Cir. 2007); *United States v. Rolfsema*, 468 F.3d 75 (1st Cir. 2006); *United States v. Branson*, 463 F.3d 1110 (10th Cir. 2006). *United States v. Grinbergs*, 470 F.3d 758 (8th Cir. 2006), reversed a sentence of a year and a day (a sentence 366 times longer than the sentence imposed by the district judge in this case) imposed on a defendant who had pleaded guilty to one count of possessing child pornography and faced a guidelines sentence of 46 to 57 months in

prison, lower than our defendant's guidelines sentencing range.

It is true as the defendant points out that the statute under which he was convicted contains no mandatory minimum. But it does not follow that Congress envisaged no prison time for violators. The absence of a mandatory minimum sentence may signify no more than that the legislature did not want to take the time to try to determine what the minimum sentence should be or did not think it could anticipate unusual cases in which a light sentence might be appropriate. We can imagine a case, involving the downloading of a handful of images none showing any prepubescent child or depicting any sexual activity, yet still constituting child pornography (the statute defines "child" as any minor and "pornography" as including besides actual sexual activity "lascivious exhibition of the genitals or pubic area," 18 U.S.C. §§ 2256(1), (2)(A)(v)), in which a permissible sentence might be light. The hundreds of images in this case include as we have noted images of prepubescent children being penetrated by adults.

The district judge was influenced by the erroneous belief that a sentence affects only the life of the criminal and not the lives of his victims. Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded—both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. E.g., *Osborne v. Ohio*, 495 U.S. 103, 109-11 (1990); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006); *United States v. Richardson*, 238 F.3d 837, 839 (7th Cir. 2001); *United States v. Angle*, 234 F.3d 326, 337-38 (7th Cir. 2000). Sentences influence behavior, or so at least Congress

thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

Why the fact that the defendant committed the offense out of "boredom and stupidity," if it were a fact, should be thought a mitigating factor escapes us and was not explained by the judge. Anyway it is not a fact; the defendant obtained sexual gratification from the pornographic images that he so sedulously collected. It is also inconsistent with the 10-year term of supervised release that the judge imposed, which includes conditions that require the defendant's participation in programs for the psychological treatment of sex offenders.

The judge's suggestion that the defendant does not have "a real problem" could be interpreted to mean that she disparages Congress's decision to criminalize the consumption and distribution of child pornography, perhaps because she thinks that only people who actually molest children, rather than watching them being molested, have "a real problem." This interpretation is reinforced by her statement elsewhere in the transcript of the sentencing hearing that the defendant's crime was just "a kind of mischief." This characterization cannot be reconciled with the judge's having fully credited (as she said she did) the report of a psychologist who stated that the defendant has been using pornography for more than a decade, that he "believed he was smart enough not to get caught and if he were caught he believed he would not have any consequences," that he has "little knowledge, understanding or empathy for the little girls depicted in the images," that "he began using pornography when he

was 12-13 and continues to fantasize about the same age girls he looked at then," that he has "persistent sexual interest in adolescent males and females," that he is a "pedophile," that he "has admitted to other deviant behaviors, namely voyeurism, scatological phone calls and the stealing of a 14 year old girl's panties," that he has "sociopathic traits," that "he doesn't think of the consequences of his behavior," that "he has had two convictions within two years," and that "he has little respect for the law or social conventions."

The district judge's assertion "that sex offender treatment within the Bureau of Prisons is going to expose [the defendant] to people who are dangerous to him" is ill informed. Sex-offender treatment in federal prisons is voluntary. Statement of Andres E. Hernandez, Director of the Sex Offender Treatment Program Federal Correctional Institution Butner, N.C., Concerning "Sexual Exploitation of Children Over the Internet: The Face of a Child Predator and Other Issues," Before the H. Subcomm. on Oversight and Investigations of the H. Comm. on Energy and Commerce, 152 Cong. Rec. D1035-01, D1038 (Sept. 26, 2006), http://projectsafechildhood.gov/HernandezTestimonyCongress.pdf, p. 2 (visited June 1, 2007). And "the vast majority" of sex offenders in the program are individuals convicted of "Possession, Receipt, Distribution, and Transportation of Child Pornography," like the defendant. *Id.* at 3. The judge gave no explanation for why she thought a prison sentence would be more ruinous for the defendant than for any other imprisoned criminal other than her mistaken belief that he would be thrown in with violent sexual offenders.

The judge's balancing of the section 3553(a) sentencing factors was indeed "odd," as she acknowledged, but, more

to the point, it was unreasonable. *United States v. Roberson*, 474 F.3d 432, 435 (7th Cir. 2007); *United States v. Repking*, 467 F.3d 1091, 1094 (7th Cir. 2006) (per curiam); *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006). When the guidelines, drafted by a respected public body with access to the best knowledge and practices of penology, recommend that a defendant be sentenced to a number of years in prison, a sentence involving no (or, as in this case, nominal) imprisonment can be justified only by a careful, impartial weighing of the statutory sentencing factors. It may not be based on idiosyncratic penological views (such as that the severity of criminal punishment has no significance for the victims of crime, but only for the criminals), disagreement with congressional policy, or weighting criminals' interests more heavily than those of victims and potential victims. See, e.g., *United States v. Grinbergs*, *supra*, 470 F.3d at 759; *United States v. Davis*, 458 F.3d 491, 498-500 (6th Cir. 2006); *United States v. Martin*, 455 F.3d 1227, 1239-42 (11th Cir. 2006); *United States v. Crisp*, 454 F.3d 1285 (11th Cir. 2006); *United States v. Robinson*, 454 F.3d 839 (8th Cir. 2006); *United States v. Cage*, 451 F.3d 585, 595-96 (10th Cir. 2006). The judge neglected considerations of deterrence and desert, which dominate the federal criminal code, in favor of undue emphasis on rehabilitation, and seemed even to think that any prison sentence, however short, is inconsistent with rehabilitation. That is not the theory of either the criminal code or the Sentencing Reform Act, which actually downplays the significance of rehabilitation as a penological goal by rejecting imprisonment as a means of promoting it. 28 U.S.C. § 994(k); *Mistretta v. United States*, 488 U.S. 361, 367 (1989); *Kerr v. Puckett*, 138 F.3d 321, 324 (7th Cir. 1998).

Finally, the guidelines sentencing range appears to have been miscalculated. The district judge did not make the

upward adjustment required by U.S.S.G. § 2G2.2(b)(3) for sadistic images, even though at the sentencing hearing the government pointed out that some of the images on the defendant's computer involved "bondage of these young children" and "sadistic and masochistic sexual activity with these children," as well as girls "as young as two and three years old being vaginally penetrated with an adult male penis."

We do not rule that a sentence below a properly calculated guidelines range would have been improper in this case. The guidelines are merely advisory, and the statutory sentencing factors (a laundry list of incommensurables which guides consideration but does not dictate the sentence or even the sentencing range) leave plenty of discretion to the sentencing judge. But that discretion was abused in this case, and the judgment is therefore reversed and the case remanded for resentencing.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*