[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14795
_____

D.C. Docket No. 1:15-cr-20124-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL LICHTMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2017)

Before MARCUS, JILL PRYOR, and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Mitchell Lichtman appeals his 151-month total sentence, which was at the bottom of the advisory guideline range, after pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and one count of possession of child pornography shipped or transported in and affecting interstate commerce and involving a prepubescent minor in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2).  On appeal, Lichtman argues that his sentence was procedurally and substantively unreasonable.  Lichtman contends that the district court erred procedurally by presuming that a Guidelines sentence was a reasonable sentence, by failing to consider all of the 18 U.S.C. § 3553(a) factors, by inadequately explaining Lichtman's sentence, and by enhancing his sentence for distributing child pornography.   Lichtman also argues that the district court failed to adequately consider a report from the Sentencing Commission discussing the child pornography Guidelines.  Finally, Lichtman argues that his sentence was substantively unreasonable given the particular circumstances of his case.  After thorough review, we affirm.

## I.

This court reviews the reasonableness of a sentence under the deferential abuse-of-discretion standard of review.  Gall v. United States, 552 U.S. 38, 51 (2007).   We must first ensure that the district court did not improperly calculate the Guidelines range, treat the Guidelines range as mandatory, select a sentence

2

based on clearly erroneous facts, inadequately explain the chosen sentence, or commit any other significant procedural error.  Id.  In imposing a particular sentence, the court must also consider the factors found in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  See § 3553(a)(1), (3)–(7).  But if the facts of a matter are straightforward, the explanation of the sentence need not be detailed.  Rita v. United States, 551 U.S. 338, 359 (2007).

As long as a district court has considered the § 3553(a) factors, it need not discuss them individually.  United States v. Flores, 572 F.3d 1254, 1270 (11th Cir. 2009) (per curiam).  Moreover, the trial court need not expressly say that it has considered the § 3553(a) factors if the record indicates that the factors were, in fact, considered.  United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).  Similarly, the fact that a district court does not discuss mitigating evidence does not mean it has not considered it.  United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  However, a court may abuse its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) balances the factors unreasonably and so

3

commits a clear error of judgment. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

If, however, an error is not timely objected to, we review it only for plain error. United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007). For there to be plain error, there must be error, it must be plain, and it must affect the party's substantial rights. Id. at 1276. To be plain, an error must be "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993). For an error to affect substantial rights, the moving party must show that but for the error there is a reasonable probability the outcome of the case (here the sentence) would have been different. United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010). If all three criteria are met, we may exercise our discretion to notice a forfeited error, but only if it seriously affects the public reputation, fairness, and integrity of judicial proceedings. Turner, 474 F.3d at 1276.

Lichtman raises several challenges to the procedural reasonableness of his sentence. Lichtman first argues that the district court erred in presuming that the Guidelines were reasonable. In ruling on his motion for a variance, the district court stated that "[t]he case law, of course, requires the Court to commence with the assumption that the [G]uidelines are reasonable and that they are advisory only, but that the Court should give consideration to the ranges that are set by the Sentencing Guidelines Commission." That was error. District courts are forbidden

4

from presuming that the sentencing Guidelines range is reasonable.  Nelson v. United States, 555 U.S. 350, 352 (2009) (per curiam).  However, because Lichtman did not specifically object, the error is subject to plain error review. Turner, 474 F.3d at 1275.  The district court's error was arguably "plain," but there is no reasonable probability that the outcome of the case would have been different but for the offending comment.  See id. at 1276.

To establish that an error affects the defendant's substantial rights, Lichtman must show some contemporaneous indication that the district court would have varied downward in the absence of the presumption.  See Dell v. United States, 710 F.3d 1267, 1278 (11th Cir. 2013).  The record forecloses this argument. Plainly, the district court judge knew it had discretion to vary downward on the basis of the precise arguments Lichtman had raised -- indeed, the court acknowledged that it had done just that in a prior similar case.  But since that case, as the district court explained, "[t]he aspect of the incredible harm that this type of crime has presented to the public and the wellbeing of the people and victims has become a lot more clear[]."  This exchange strongly suggests that the district court rejected Lichtman's arguments on their merits.  There is no evidence that any presumption played any role, and so Lichtman fails to establish plain error.  Again, the burden of proof in plain error analysis rests with the defendant.  See United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) (holding that "the

5

burden truly is on the defendant to show that the error actually did make a difference").

Lichtman also suggests that the district court erred in failing to hold the government to its burden to establish that Lichtman understood peer-to-peer networking software before applying the two-level distribution enhancement found in § 2G2.2(b)(3)(F) for the distribution of child pornography.  Although Lichtman claims that the enhancement requires a defendant to know that they are making child pornography available to others, our caselaw is to the contrary.  See United States v. Creel, 783 F.3d 1357, 1358 (11th Cir. 2015) (holding that the enhancement for "distribution of child pornography does not require an offender to know that he made child pornography accessible to others") (citations omitted).  The enhancement was properly applied.

Moreover, even if knowledge were required, "a party may not challenge as error a ruling . . . invited by that party."  United States v. Silvestri, 409 F.3d 1311, 1327–28 (11th Cir. 2005) (quotation omitted).  In his motion for a variance, Lichtman conceded that "[t]he mere fact that he was on a peer-to-peer network automatically qualifies the Defendant for distribution."  When a defendant invites error by agreeing that a particular course of action is appropriate, we are precluded from reviewing that claim.  United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009).

6

The district court's consideration of the sentencing factors enumerated by Congress in § 3553(a) was also sufficient.  While Lichtman complains that the trial court did not adequately consider the § 3553(a) factors he claims justify a downward variance, the record indicates that the court considered Lichtman's arguments during the sentencing hearing.  Although the district court did not mention the specific § 3553(a) factors behind Lichtman's arguments, it did consider the facts behind them.  Under our caselaw, this is sufficient.  See Dorman, 488 F.3d at 944.  And the district court's decision not to discuss each and every piece of mitigating evidence does not establish that it failed to consider that evidence.  Amedeo, 487 F.3d at 833.  The court's discussion of the defense's arguments that Lichtman's strong family support, his immediate cooperation, and his role in caring for his mother warranted a variance was more than enough to establish that the court properly considered the § 3553(a) factors.

Finally, the district court's explanation of its sentence was also permissible. This case was conceptually simple, and the district court considered the evidence and arguments. A brief statement of the reasons for imposing a sentence is sufficient.  Rita, 551 U.S. at 359; see also Irey, 612 F.3d at 1195.  The district court was not required to give a more lengthy explanation.

II.

Lichtman's argument that the district court erred by failing to consider a report from the U.S. Sentencing Commission discussing the child pornography Guidelines also is unavailing.  See United States Sentencing Commission, Report to Congress: Federal Child Pornography Offenses (Dec. 2012) ("the Report") available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf .  We have previously rejected attacks on the Sentencing Guidelines premised on this very report.  See, e.g., United States v. Cubero, 754 F.3d 888, 900 (11th Cir. 2014) (holding that the Report "does not change the statutory sentencing scheme, the applicable sentencing guidelines, or the binding precedent about § 2G2.2 in this Circuit"); see also United States v. Carpenter, 803 F.3d 1224, 1235–36 (11th Cir. 2015).

We recently made clear that challenges to the validity of the Guidelines based on the Report are a "non-starter."  Carpenter, 803 F.3d at 1235–36.  We also made it clear that while a district court may consider the Report in determining a sentence, it is not required to do so.  Cubero, 754 F.3d at 900.  The Report does not limit the district court's discretion in determining what weight to assign to each § 3553(a) factor, nor does it require the district court to vary from § 2G2.2's guideline range.  Id.  Finally, we have already rejected the claim that our treatment

8

of the Report creates unwarranted sentencing disparities. Carpenter, 803 F.3d at 1235–36.

Lichtman also offers the novel procedural argument that the district court has a heightened duty to address the Report because it qualifies as a "policy statement" under § 3553(a)(5). But this argument is raised with us for the first time on appeal and is accordingly subject to plain error review. United States v. Sentovich, 677 F.2d 834, 837 (11th Cir. 1982). Upon review, we do not believe that there is a reasonable probability that the district court's decision would have been different but for the claimed error. Turner, 474 F.3d at 1276. Evidence of the alleged flaws in the child pornography Guidelines was presented to the district court both through Lichtman's arguments in his sentencing memorandum and the sentencing hearing, as well as through the expert testimony he presented. The defendant has failed to satisfy his burden of establishing that the additional consideration of the Report would likely have affected the sentence imposed by the district court.

## III.

Finally, Lichtman argues that his sentence was substantively unreasonable. According to Lichtman, the district court arrived at a sentence that was "unnecessarily harsh" by overweighing the harm to the victims, underweighing his own mitigating qualities, and affording too much weight to flawed Guidelines. As

the party challenging the sentence, Lichtman bears the burden of showing that the sentence is unreasonable in light of the entire record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). "Although we do not automatically presume a sentence within the [G]uidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quotation omitted, alteration adopted). Ultimately, we may vacate a defendant's procedurally proper sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (quotation omitted).

Lichtman's 151-month, bottom-of-the-Guidelines sentence is substantively reasonable. See Gall, 552 U.S. at 51. We recognize that 151 months imprisonment is a harsh sentence. But possession and receipt of child pornography are harmful crimes. See, e.g., United States v. Wayerski, 624 F.3d 1342, 1354–55 (11th Cir. 2010) (holding that it was not unreasonable for the district court to consider the defendants' child pornography offenses to be serious and deserving of a significant sentence). Indeed, we have emphasized the harm inflicted on the victims of child pornography "time and again." Carpenter, 803 F.3d at 1235. This

harm comes first from the initial abuse -- which demand from consumers like Lichtman incentivizes -- and is compounded by the continued viewing of images depicting the worst moments of these children's lives.  See, e.g., Paroline v. United States, 134 S. Ct. 1710, 1722 (2014) (noting that "the victim's costs of treatment and lost income resulting from the trauma of knowing that images of her abuse are being viewed over and over are direct and foreseeable results of child-pornography crimes, including possession"); United States v. Williams, 553 U.S. 285, 307 (2008) (noting the harm caused to children by the proliferation of child pornography via the internet); United States v. Pugh, 515 F.3d 1179, 1195–97 (11th Cir. 2008) (discussing the harms worked by the continued trade in pornographic images of children).

The degrading material presented in this case fits the bill.  Among the 620 videos and 10,200 image files found in Lichtman's possession were the following:

- A folder entitled [pthc][1] 1 8yo Jenny Pics - 2012:, which included two files, each containing an image depicting a naked preteen female tied up while lying on a bed and exposing her genitals;

- A file titled (Pthc) 6yo rape and scream (Gay).mpg, which contained a video file depicting, in part, an adult male performing oral sex on a naked preteen boy;

- A file titled Babyshivid_Comp_Part_l-mpg, which contained a video file depicting multiple adult males engaging in intercourse and sexual activity with a preteen/toddler female;

---

[1] PTHC is an acronym for pre-teen hardcore.

- A file titled PTHC Ultra Hard Pedo Child Porn Pedofilia (New) o6lchildfugga darkcollection kidzilla hussyfan lolitaguy childlover1.jpg, which contained an image file depicting a naked preteen female lying on a bed exposing her genitals with an unknown individual pointing a knife at the preteen female and the words "cut m slut hurt me" painted on her body; and

- A file titled Mafiasex.Ru_Children_Kids_Hard_000303_Childporn_Family _4yo_Jackoff_Dad_Illegal_Preeten_Underage_Lolita_Kiddy_Incest_Little_ Girl_Rape_Sex.jpg, containing an image file depicting a female toddler holding the penis of an adult male.

Moreover, there was undisputed evidence in the record that the defendant had expressly sought out this material. His search history included searches for "Toddler girl with no Panties," "Toddler thong," "Toys r us toples," "pthc," and "childlike sex dolls." And finally, there was the troubling evidence that the defendant had sought out and obtained employment at Toys R Us and Babies R Us. On this ample record, it was not unreasonable for the district court to weigh heavily the seriousness of the offense and the need to protect the public from further crimes by the defendant. § 3553(a)(2)(A), (C).

A strong consideration in weighing the seriousness of these crimes is that "[t]hose who receive and exchange child pornography create a demand that influences the production of the pornography and the attendant physical and emotional injury to children." Wayerski, 624 F.3d at 1354. That demand "harms and debases the most defenseless of our citizens." Williams, 553 U.S. at 307. This harm is relevant to the need for the sentence imposed to reflect the seriousness of the crime, to provide just punishment, to afford adequate deterrence, and to protect

12

the public.  See 18 U.S.C. § 3553(a)(2)(A)–(C).  As our colleagues on the Seventh Circuit have explained:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded -- both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007) (citations omitted). We cannot say that it was error for the district court to weigh heavily the seriousness of this offense and the need for the sentence to send a general deterrence message.

Lichtman argues, nevertheless, that the district court should have afforded more weight to the mitigating evidence on the other side of the scale.  He was the primary caregiver for his ailing mother, had no criminal history, and had cooperated fully with the authorities.  See § 3553(a)(1).  He also presented testimony from an expert that he was a low recidivist risk thereby reducing the need for the sentence to incapacitate him so as to protect the public from further similar crimes.  See § 3553(a)(2)(C).  But the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  In the face of the large amount

13

of child pornography found on the defendant's devices -- over 600 videos and 10,000 images -- and the fact that those videos and images were violent and included images of children as young as toddlers, we hold that the district court did not abuse its discretion in determining Lichtman's sentence.  Clay, 483 F.3d at 743.  Twelve and a half years is a significant sentence.  And Lichtman presented evidence that suggested that he had redeeming qualities.  But we cannot say that the mitigation evidence was so overwhelming, and the harm to the victims was so underwhelming, that the district court made a clear error of judgment in imposing a sentence of 151 months.

**AFFIRMED.**