In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1628

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

SKYLAR D. HENSHAW,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Southern District of Illinois Division.
No.16 CR 30049 — **Staci M. Yandle**, *Judge*.

ARGUED DECEMBER 8, 2017 — DECIDED JANUARY 18, 2018

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN, *District Judge*.*

PER CURIAM. The district court sentenced Skylar D. Henshaw, a career offender, to five years' probation–a sentence 151 months lower than the bottom end of his guidelines range and 57 months lower than the sentence recommended

---

* Of the Northern District of Illinois, sitting by designation.

by Henshaw's counsel. Because we find this departure sub-stantively unreasonable, we vacate Henshaw's sentence and remand for resentencing.

## I. BACKGROUND

In July 2015, at the direction of the Drug Enforcement Agency ("DEA"), a confidential source arranged for the pur-chase of a kilogram of cocaine by Henshaw and his friend Corey Pryor. When the DEA arrested Henshaw during the purchase on July 14, 2015, he had $3,174 in cash on his per-son. Agents subsequently entered Henshaw's residence pur-suant to a search warrant and found $55,090 in cash, 750 grams of marijuana, and five ecstasy pills.

In statements at the time of his arrest and the following day, Henshaw acknowledged that he was a marijuana deal-er, that Pryor was Henshaw's recent source for marijuana, and that Henshaw owed Pryor $30,000 for 30 pounds of ma-rijuana. But Henshaw represented that he attended the co-caine purchase merely to test the cocaine for Pryor. Because Pryor died before the return of Henshaw's indictment, the government could not obtain testimony from him corrobo-rating his prior statement to the confidential source regard-ing the extent of Henshaw's involvement in the cocaine transaction.

At the time of his arrest, Henshaw was subject to a four-year felony conditional discharge sentence imposed in Jack-son County, Illinois in August 2012 for selling two pounds of marijuana. He also was subject to a second four-year felony conditional discharge sentence imposed in Williamson County, Illinois in August 2012 for possessing with intent to deliver over 500 grams of marijuana.

Henshaw pleaded guilty to aiding and abetting Pryor in attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 846 (Count 1), and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count 2). Henshaw did not contest the determination in the presentence investigation report ("PSR") that he qualified as a "career offender" under U.S.S.G. § 4B1.1 *et seq.* based on his two prior felony controlled substance offenses.

Henshaw had other prior convictions as well, including a 2006 felony conviction for possession of cannabis and a 2004 misdemeanor conviction for assault. For the misdemeanor assault conviction, Henshaw was sentenced to two years' probation and eight days in jail. His probation was revoked twice in that case–once in March 2005 for testing positive for marijuana and cocaine, and once in July 2006 for unlawfully possessing 231 grams of marijuana.

Based on Henshaw's criminal history, the PSR calculated an advisory sentencing range of 151 to 188 months. Henshaw's sentencing memorandum cited policy disagreements with the severity of career-offender enhancements as applied to offenders with prior drug trafficking (as opposed to violent) offenses. The memorandum explained that without the career-offender designation, Henshaw's guidelines range would be 57 to 71 months. The memorandum also represented that Henshaw had minimal involvement in the underlying cocaine transaction. Lastly, the memorandum described Henshaw's personal history and characteristics, including his family history of drug abuse, physical abuse, and verbal abuse. It stated that Henshaw was a loving father to three children and had remained substance free since his ar-

rest. Henshaw's sentencing memorandum requested a sentence of 57 months. The government did not file a sentencing memorandum.

At the February 2017 sentencing, the district court adopted a revised version of the PSR without change, including the PSR's finding that Henshaw was a career offender with a guidelines range of 151 to 188 months. The district court then said it would entertain arguments under 18 U.S.C. § 3553(a).

The government recommended a sentence of the low end of the guidelines range (151 months). The entirety of the government's argument in aggravation was as follows:

> Your Honor, I have [no] information that would take [Henshaw] outside of the guidelines according to the 3553(a) factors and, therefore, I would recommend, because this defendant has been relatively cooperative and he's been released on bond and has been fairly compliant as far as I know, the Government would recommend the low end of the guideline range of 151 months, three years supervised release, an appropriate fine to be determined by the Court, and the 200-dollar special assessment.

Henshaw's counsel reiterated the arguments made in his sentencing memorandum and recommended a sentence of 57 months.

After hearing Henshaw's allocution, the district court imposed a sentence of five years' probation with special conditions. This represented a 151-month departure from the

low end of the guidelines range that the district court accepted.

The district court described the need for a sentence to reflect the objectives of just punishment, deterrence, and protecting the public. The court's "major concern" with sentencing Henshaw was that he "had periods in the past where [he] ha[d] been on probation or supervision and compliance ha[d] not been [his] strong card." "[G]iven that, and your history," the court explained, "there without question has been a lack of respect for the law." The court further stated that it was "concerned about the need to facilitate or to promote deterrence as it relates to you."

The district court nevertheless found a probationary sentence appropriate. It cited a number of factors in support, including: (1) "the nature and circumstances of the offense," which the district court described as a "stupid and bonehead" "deci[sion] to help a friend"; (2) the "extremely harsh" consequences of being a career offender where the "predicate offenses are drug trafficking offenses" as opposed to violent offenses; and (3) Henshaw's personal characteristics and family history. The court expressed concern that if it sentenced Henshaw to incarceration, the employment and family support he had built since his arrest 19 months earlier may no longer be available to him. It explained that it was giving Henshaw "an opportunity to rebound from this mistake." The government made "a formal objection to the sentence as being unreasonable" at the end of the hearing.

The government now appeals Henshaw's sentence.

## II. ANALYSIS

"In assessing the reasonableness of a sentence," we first consider "whether the district court made a procedural mistake in formulating its sentence," and then "consider whether [the sentence] is substantively reasonable." *United States v. Brown*, 610 F.3d 395, 397–98 (7th Cir. 2010). The government does not argue–and we do not find–that the district court made a procedural mistake in sentencing Henshaw. Rather, the government challenges the substantive reasonableness of the district court's sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007). "When conducting this review, [we] will … take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51. We do "not apply a presumption of unreasonableness" to a sentence "outside the Guidelines range," *id.*, and there is no "rigid formula for determining whether the justification for an out-of-range sentence is proportional to the extent of the sentence's deviation from the range." *United States v. McIlrath*, 512 F.3d 421, 426 (7th Cir. 2008). But "[i]t is also clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain h[er] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall*, 552 U.S. at 46. "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50; *see also United States v. Smith*, 811 F.3d 907, 910 (7th Cir. 2016) ("[T]he farther down the judge goes the more important it is that [she] give cogent

reasons for rejecting the thinking of the Sentencing Commission.").

Henshaw's sentence unquestionably constitutes a major departure. It represents a 151-month variance from the low end of the guidelines range. This departure resulted in an unusually lenient sentence of no imprisonment for a defendant whose own counsel recommended a sentence of well over four years.

As this Court explained in *United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007), "[w]hen the guidelines, drafted by a respected public body with access to the best knowledge and practices of penology, recommend that a defendant be sentenced to a number of years in prison, a sentence involving no (or … nominal) imprisonment can be justified only by a careful, impartial weighing of the statutory sentencing factors." *Id.* at 673. The statutory sentencing factors under 18 U.S.C. § 3553(a) include, as relevant here:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct … [and]

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

When imposing a sentence of no imprisonment, a district court must be particularly careful not to "neglect[ ] considerations of deterrence and desert." *Goldberg*, 491 F.3d at 674.

The primary problem with the sentence in this case is that it fails to adequately account for considerations of specific deterrence. It is difficult to see how a sentence of probation could be expected to deter a defendant who has not in the past been deterred by probation. There is no dispute that at the time Henshaw committed the crimes at issue, he was already serving two conditional discharge sentences for drug-related crimes. Those conditional discharge sentences did not deter him from committing the crimes in this case. And there is no dispute that Henshaw's probation was revoked twice following his earlier misdemeanor assault conviction. Probation has repeatedly failed to serve as a deterrent to Henshaw.

The district court recognized the need for specific deterrence. It expressed "major concern" that Henshaw "had periods in the past where [he] ha[d] been on probation or supervision and compliance ha[d] not been [his] strong card." It explained that "given that, and your history, there without question has been a lack of respect for the law." It appropriately noted, "I am concerned about the need to facilitate or to promote deterrence as it relates to you. In other words, to deter you from future crimes." But it then went on to impose the very type of sentence that has proven ineffective in deterring Henshaw in the past.

This Court has vacated sentences in cases where there is a significant discrepancy between the judge's statements and the sentence imposed. *See, e.g.*, *United States v. Omole*, 523 F.3d 691, 696–700 (7th Cir. 2008), *abrogated on other grounds by*

*United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009) (vacating 51-month below guidelines variance where judge's statements and sentence imposed painted "irreconcilable pictures"); *Brown*, 610 F.3d at 399 (vacating 142-month below guidelines variance and noting "[t]he contrast between the tone of the court's words and the ultimate sentence imposed"). The discrepancy in this case between the district court's recognition of the failure of probation to deter Henshaw and the probationary sentence imposed helps illustrate the sentence's unreasonableness.

Nor is the sentencing objective of just punishment reflected in Henshaw's sentence of probation. It is clear from the record that accompanying Pryor to the drug purchase was not simply a one-off, "stupid and bonehead" "deci[sion] to help a friend" as the district court characterized it. To the contrary, Henshaw admitted at the time of his arrest to being an active marijuana dealer. The substantial amounts of marijuana and cash found in Henshaw's home and the fact that he admittedly owed Pryor $30,000 for 30 pounds of marijuana confirm the scale of Henshaw's marijuana dealing. Henshaw's conduct to which he pleaded guilty was part of a larger, ongoing pattern of drug dealing. But that pattern was simply not addressed at sentencing.

The district court expressed desire to give Henshaw the "opportunity to rebound" through a lenient sentence, explaining that "[i]t may be the first opportunity that you have ever had in your life." In fact, the record shows that Henshaw had multiple other opportunities to rebound through lenient sentences, and he continued to commit crimes. To constitute just punishment, Henshaw's sentence needed to reflect the fact that Henshaw remained a drug dealer despite

the generous opportunities he had been given. *Compare Gall*, 552 U.S. at 41–60 (finding 30-month downward variance of probation substantively reasonable for defendant with "no significant criminal history" who "self-rehabilitated" and had not sold drugs for years prior to the return of the indictment).

Henshaw's sentence also needed to reflect "general deterrence" objectives "of preventing like or related crimes." *United States v. Molton*, 743 F.3d 479, 486 (7th Cir. 2014). A sentence of probation after multiple prior, serious offenses does not serve the purpose of general deterrence. If increased criminal activity is not punished through an increased sentence, without at least some compelling reason for not doing so, then others will not be sufficiently deterred from repeated criminal activity.

Finally, Henshaw's sentence needed to account for "the need to avoid unwarranted sentence disparities among defendants with similar records." 18 U.S.C. § 3553(a)(6). The district court certainly had discretion to express a policy disagreement with the career-offender guidelines as applied to non-violent offenders[1] and to vary its sentence from the recommended range on that basis. *See, e.g.*, *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) ("a judge … may disagree with the Commission's recommendation categorically, as well as in a particular case," and may sentence a career offender below the guidelines range on that basis); *United*

---

[1] The district court correctly explained that Henshaw's career-offender-qualifying convictions involved drug trafficking. We note, however, that as set forth in the PSR adopted by the district court, Henshaw's criminal record also included his older conviction for misdemeanor assault.

*States v. Price*, 775 F.3d 828, 840 (7th Cir. 2014) ("the district court's sentencing discretion includes the option to vary from the guidelines 'based on a *policy* disagreement with them'") (quoting *Spears v. United States*, 555 U.S. 261, 264 (2009)) (emphasis in original). But the district court also "need[ed] to understand the Commission's recommendations, which reflect (among other things) the goal of avoiding unwarranted disparities in how different judges treat equivalent offenses and offenders." *Corner*, 598 F.3d at 416.

Even disregarding the career-offender designation, Henshaw's guidelines range would have been 57 to 71 months, and his probationary sentence would represent a serious difference in treatment compared to defendants with similar records. For that reason, Henshaw's probationary sentence failed to "avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

Although other considerations cited by the district court, including Henshaw's troubled family history and concerns that a criminal sentence would impact his employment and family support, may warrant a departure from the guidelines range, they are not so extraordinary as to justify the degree of departure here. [2] That departure resulted in a substantively unreasonable sentence.

In his brief and at oral argument, Henshaw emphasized that the government failed to file a sentencing memorandum and thus squandered an opportunity to make many of the

---

[2] Henshaw's counsel acknowledged at sentencing that the 57-month sentence he recommended would not have the same devastating impact on Henshaw's family members that "a sentence of something like 151 months would."

points below that it makes now. The Court agrees with Henshaw that the government's failure to file a sentencing memorandum and its very brief argument at sentencing poorly served the district court. The government made its best (and its only substantive) arguments on appeal. But the government did request a 151-month sentence below, and it objected to the reasonableness of Henshaw's sentence after it was imposed.

In any event, the government's approach does not change the district court's obligations. The district court had an obligation to apply § 3553(a), and the question before this Court is whether the district court "abused [its] discretion in determining that the § 3553(a) factors supported [the] sentence" in question. *Gall*, 554 U.S. at 56. We conclude that an abuse of discretion occurred.

Like the sentence of one day of imprisonment in *Goldberg*, Henshaw's sentence "neglected considerations of deterrence and desert." 491 F.3d at 674. As in *Goldberg*, "[w]e do not rule that a sentence below … [the] guidelines range would have been improper in this case." *Id.* And we reiterate that "the statutory sentencing factors … leave plenty of discretion to the sentencing judge." *Id.* But we do find "that discretion was abused in this case." *Id.* The case therefore must be remanded for resentencing.

## III. CONCLUSION

We VACATE Henshaw's sentence and REMAND for proceedings consistent with this opinion.

ROVNER, *Circuit Judge*, concurring. I join the majority's opinion vacating and remanding Skylar Henshaw's sentence for resentencing. I write separately simply to reiterate that the district court here very carefully and thoroughly considered the nature and circumstances of the offense and Henshaw's history and characteristics in selecting a sentence of probation. As the majority notes, however, that careful consideration was not offset by a thorough enough explanation as to why the sentence of probation adequately reflects the seriousness of the offense, provides just punishment, and affords adequate deterrence. *See, e.g., Gall v. United States*, 552 U.S. 38, 50 (2007) ("[A] major departure should be supported by a more significant justification than a minor one."). I do not read the majority's opinion as foreclosing entirely the possibility that a sentence of probation could be reasonable if the court more thoroughly explained how such a sentence might still specifically deter Henshaw from future crime in light of the specifics of this offense. With that understanding, I join the majority's opinion.